**Inez ZINK, Randall James Zink and Kathryn Ann Davis, nee Zink, Appellants,**

v.

**James E. ALLIS, Employers Mutual Liability Company of Wisconsin and Western Casualty & Surety Company, Respondents.**

**No. WD 33671.**

Missouri Court of Appeals, Western District.

March 8, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied May 3, 1983.

Application to Transfer Denied May 31, 1983.

John C. Milholland, Harrisonville, J. Kirk Rahm, Warrensburg, for appellants.

Allen R. Purvis and Stephen E. Scheve, Kansas City, for respondents.

Before DIXON, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

This appeal involves a question of uninsured motorist insurance coverage. The trial court sustained a motion to dismiss plaintiffs' petition for failure to state a claim upon which relief could be granted. Plaintiffs have appealed. We believe the trial court was correct in its ruling and we affirm the judgment.

The facts are as follows:

Plaintiffs are the wife and children of James Walter Zink, deceased. Zink was an employee of Clearfield Cheese Company. He was riding in a truck leased to Clearfield, being driven by a fellow employee, James E. Allis. The truck accidentally went off the road and Zink was killed. The accident was caused by Allis's negligence. The accident occurred in the course and scope of their employment by Clearfield.

Clearfield had a policy of liability insurance on the truck, issued by defendant Employers Mutual Liability Company of Wisconsin. It contained a fellow-employee or "cross-employee" exclusion, by which there was no liability coverage for one employee for liability to a fellow employee where the accident occurred in the course of their employment. The policy also included uninsured motorist coverage. Plaintiffs brought suit on the uninsured motorist provisions of the policy alleging the facts as aforesaid. The trial court, as above noted, dismissed the same as stating no claim upon which relief could be granted.

Plaintiffs do not really base their claim upon the terms of the uninsured motorist portion of the policy itself. By the terms of the policy contract there is no question but that Zink was excluded from uninsured motorist coverage, for the policy provides such coverage only if the injury or death arose out of the "ownership, maintenance or use of [an] uninsured highway vehicle" while he himself was an occupant of an "insured highway vehicle." The policy goes on expressly to exclude from the definition of "uninsured highway vehicle" an "insured highway vehicle." The latter term express-

ly includes the Clearfield Cheese truck in which Zink was riding at the time of his death. See *Miles v. State Farm Mutual Automobile Insurance Co.,* 519 S.W.2d 378, 379 (Mo.App.1975).

Plaintiffs however claim that the limitation of coverage imposed by the policy language may not stand so as to exclude Zink from uninsured motorist coverage. They argue that since Allis's liability was not insured by the policy (under the liability portion of the policy), because he was a fellow employee of Zink, Allis was an uninsured motorist as to Zink; and the vehicle, because driven by an uninsured driver, was, as to Zink, an uninsured highway vehicle. Plaintiffs argue that the Uninsured Motorist Statute, § 379.203, RSMo 1978, and §§ 303.030, 303.070 and 303.190, RSMo 1978, of the Safety Responsibility Law intended to cover an injured person in Mr. Zink's situation and those statutes broaden the policy's uninsured motorist coverage—or invalidate its limitation of coverage—to include persons situated as Mr. Zink was when he was injured.

Plaintiffs cite *Webb v. State Farm Mutual Automobile Insurance Co.,* 479 S.W.2d 148, 152 (Mo.App.1972), where Judge Shangler wrote:

These terms of the uninsured motorist statute became a part of each policy containing such coverage.... It is the public policy of Missouri established by the uninsured motorist statute, then, that each insured under such coverage have available the full statutory minimum to exactly the same extent as would have been available had the tortfeasor complied with the minimum requirements of the financial responsibility Law.

Plaintiffs say that the insurance policy does not meet the minimum requirements of the Safety Responsibility Law.

The Supreme Court of Missouri was confronted with a similar argument upon similar facts in *Harrison v. MFA Mutual Insurance Co.,* 607 S.W.2d 137 (Mo. banc 1980). In *Harrison,* a husband and father, the named insured, had negligently operated his automobile, resulting in injuries to his wife and stepdaughter. The husband and father was himself killed in the accident. All three were members of the same household. Wife and stepdaughter (corresponding to plaintiffs here) brought suit against the insurer (corresponding to the defendant insurer in the present case). Plaintiffs there argued, as do plaintiffs here, that the driver (corresponding to Allis in the present case) was an uninsured motorist, and the vehicle an uninsured vehicle, because of the "household exclusion" in the policy (corresponding to "fellow-employee" exclusion in our case), which denied liability coverage. The argument was made that the Uninsured Motorist Statute and the Safety Responsibility Law had established a state policy, as held in *Webb,* supra. They argued that the terms of the insurance policy which excluded them from uninsured motorist coverage, was in violation of the state policy so established, and that the contract terms by which they were excluded from such coverage were ineffective. Without retracing the Supreme Court's analysis in the opinion, it is enough for us to say that the plaintiffs' argument was rejected. It was held that the statutes allowed the policy terms which excluded plaintiffs from the uninsured motorist coverage.

The *Harrison* case would seem to be dispositive of the case before us, but we shall examine the plaintiffs' claim that it is not controlling in the present case.

To avoid the authority and the result of *Harrison,* plaintiffs make an intricate argument which we shall attempt to summarize. They point out that the parties and the court in *Harrison* assumed that the policy complied with the Safety Responsibility Law and that the issue of its compliance with that law was therefore not before the court for decision. In the present case, on the other hand, they deny that the policy does comply with the Safety Responsibility Law. The Safety Responsibility Law, read *in pari materia* with the Uninsured Motorist Statute, they say, requires coverage for the plaintiffs—otherwise the plaintiffs are unreasonably and arbitrarily classified out of the protected class in violation of Article I,

Section 2 of the Constitution of Missouri, Article I, Section 10 of the Constitution of Missouri; and in violation of the due process and equal protection clauses of the 14th Amendment to the United States Constitution.[1] We are to give the statute a construction, the argument proceeds, which is in harmony with the Constitution, not one which would put the statute in violation thereof.[2] These constitutional arguments were not raised in *Harrison* and the Supreme Court did not pass upon them. We are free to construe the statutes on the basis of fresh arguments, not considered by the Supreme Court, free from the binding authority of *Harrison*. So we understand their argument.

Respondent answers that the constitutional arguments were never presented to the trial court and we should not consider them on appeal. They say further that there was no "state action" involved here against which the constitutional provisions are directed. But we shall pass by all that and go directly to the fundamental argument of plaintiffs, namely, that it is unreasonable and arbitrary to allow the exclusion from uninsured motorist coverage of persons in Mr. Zink's and the plaintiffs' situation.

Plaintiffs cite several cases which apply the familiar rule that "[a] classification for legislative purposes must rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed." *Ex parte French*, 315 Mo. 75, 285 S.W. 513, 515 (banc 1926). We have considered plaintiffs' cases on this point and find none of them applicable to the fact situation before us. *Smith v. Cahoon*, 283 U.S. 553, 51 S.Ct. 582, 75 L.Ed.

1264 (1931); *Ex parte Beckenstein*, 104 S.W.2d 404 (Mo.App.1937).

It is a perfectly rational classification that would allow the exclusion of those in Mr. Zink's and his survivors' situation from uninsured motorist coverage. There is nothing whimsical or arbitrary about that classification. If we were to hold that they should be included in uninsured motorist coverage under the terms of the statutes, the effect of such a holding would be to nullify the fellow-employee exclusion from the liability coverage of the policy, up to the uninsured motorist coverage limits. Under the rule for which plaintiffs contend, if the fellow-employee exclusion barred liability coverage for the fellow-employee tort-feasor, the uninsured motorist coverage would ipso facto step in and provide the coverage. (See *Harrison v. MFA Mutual Insurance Co.*, 607 S.W.2d at 139, where Judge Seiler noted that if the plaintiffs were to prevail in their position in that case, it would "effectively neutralize" the household exclusion of the policy.) The fellow-employee exclusion, which is the basic provision which ultimately excludes the plaintiffs from any insurance coverage, is a rational exclusion, which has been recognized in Missouri in *Ward v. Curry*, 341 S.W.2d 830, 837–39 (Mo.1960); *Campbell v. American Farmers Mutual Insurance Co.*, 238 F.2d 284, 289 (8th Cir.1956). The rationale or purpose of the exclusion is thus stated in Annot., 45 A.L.R.3d 288, 295 (1972):

Relating to the attempt to exclude liability for injuries sustained by the employees of the insured from coverage, provisions to the effect that the policy did

---

1. In order not to overstate or understate plaintiffs' position, we quote from their brief:

The *state action* in respect to mandatory uninsured motorist coverage (Section 379.-203, RSMo) has *engrafted the requirement* of either *applicable* liability insurance or *applicable* uninsured motorist insurance into the state's scheme of public protection commenced by enactment of the Motor Vehicle Safety Responsibility Law. If the vehicle is "insured" with liability insurance but the liability insurance will not recompense the injured victim, the vehicle is uninsured. If the

vehicle is *uninsured,* uninsured motorist insurance is activated and made applicable. The statutes require it so.

2. Appellants do not challenge the validity of the statute, but insist upon its validity. Their constitutional arguments present a question of statutory construction, rather than "involving the validity of a ... statute," which would place the jurisdiction of this appeal in the Supreme Court, Mo. Const. Art. V, Sec. 3 (1945, amended 1976).

not apply to bodily injury to or death of any employee of the insured arising out of and in the course of domestic employment by the insured, if benefits therefor are in whole or in part payable or required to be provided under any workmen's compensation law, or other employment by the insured, have been inserted in liability policies. This approach, however, was not generally successful, as a result of which the "cross-employee exclusion" has come to be included in many automobile liability policies. The policy or purpose underlying this exclusion has been stated or recognized to be that of distinguishing the employer's liability to his employees from that of his liability to the general public, thereby relieving the employer of the onerous requirement of insuring his employees under his public liability insurance policy, such employees being already protected by the workmen's compensation statutes.

The foregoing considerations furnish a rational basis for "classifying out" the plaintiffs from uninsured motorist coverage in this case, and there is no constitutional principle which requires their inclusion in such coverage.

Plaintiffs say further that if the Uninsured Motorist Act and the Safety Responsibility Law are interpreted to allow the application of the fellow-employee exclusion ultimately to deny him uninsured motorist coverage, the insurance company might invent any sort of exclusion it chose to invent—such as injuries to red-headed victims, injuries which happen on odd-numbered days of the month, and the like. This, they say, is an unconstitutional delegation of legislative power to the insurance company, in violation of Article III, Section 40(28), of the Constitution of Missouri.

Plaintiffs' apprehensions are unfounded. The fellow-employee exclusion is of an entirely different character than the kinds of exclusions they have mentioned. The fellow-employee exclusion is a familiar one, recognized in Missouri in *Ward v. Curry,* supra, and *Campbell v. American Farmers Mutual Insurance Co.,* supra, and in other states as well. The exclusion was current in insurance policies and had been approved by the foregoing cases before the 1967 enactment of our Uninsured Motorist Statute. Had the legislature intended to vitiate that exclusion they could have done so. *Harrison,* with respect to the household exclusion, found their omission to prohibit the exclusion significant of a purpose to permit and recognize it. 607 S.W.2d at 147. Similarly their omission to prohibit the fellow-employee exclusion is significant of their purpose to allow it.

The judgment is affirmed.

All concur.