TRUCK INSURANCE EXCHANGE,
Respondent,

v.

Ronnie GILLIHAM, Appellant.

No. 46847.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 27, 1983.

Donald L. Schlapprizzi, St. Louis, for appellant.

Richard R. Kordenbrock, St. Louis, for respondent.

CRANDALL, Presiding Judge.

Appellant Ronnie Gilliham, the defendant in this declaratory judgment action (and referred to hereafter as defendant), sustained personal injuries as a passenger in

his employer's truck when the truck, driven by a co-worker in the course of his and defendant's employment, left the road and rolled over. Defendant's employer and the truck were covered by an automobile liability insurance policy issued by Truck Insurance Exchange (plaintiff) which excluded from coverage "bodily injury [arising out of use of the truck] to any employee of the insured [i.e., defendant's employer] arising out of and in the course of his employment by the insured . . . ." In response to defendant's ensuing claim that he was entitled, then, to recover under the policy's provisions for uninsured motorist coverage, plaintiff commenced this declaratory judgment action to establish that defendant's claim was not within the coverage of the policy's uninsured motorist provisions.

The trial court granted plaintiff's motion for summary judgment and defendant appeals. We affirm.

Defendant's claim is excluded by the express provisions of the insurance policy, and defendant does not claim otherwise. Rather, defendant contends the exclusion contravenes mandatory coverage requirements for automobile liability insurance in both the uninsured motorist statute, § 379.203, RSMo (1978), and the Motor Vehicle Safety Responsibility Law, ch. 303, RSMo (1978), and also constitutes a deprivation of due process of law and of equal protection of the laws under the United States and Missouri constitutions. The same contentions were raised in *Zink v. Allis,* 650 S.W.2d 320 (Mo.App.1983) and there resolved against the arguments defendant makes here. Similar contentions were also raised and resolved against defendant's position in *Harrison v. MFA Mutual Ins. Co.,* 607 S.W.2d 137 (Mo. banc 1980). As our disposition of the issues on this appeal entails only the application of principles settled in *Zink* and *Harrison* to the facts of this case, an extended opinion would have no precedential value. Accordingly, the trial court's judgment is affirmed under Rule 84.16(b).

Affirmed.

REINHARD and CRIST, JJ., concur.