**Emmitt MOORE, Plaintiff–Appellant,**

v.

**COMMERCIAL UNION INSURANCE COMPANY, Defendant–Respondent.**

**No. 54162.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 12, 1988.

Schramm & Pines, M. Harvey Pines, St. Louis, for plaintiff-appellant.

George F. Kosta, J. Joseph Raymond, St. Louis, for defendant-respondent.

KAROHL, Presiding Judge.

The issue in this case is whether the trial court properly granted defendant, Commercial Union Insurance Company, summary judgment after finding the recovery sought by plaintiff insured, Emmitt Moore, was not a covered loss in a merchant's package liability insurance policy. The petition requested an award for attorney's fees paid by plaintiff to defend an earlier suit. The suit against plaintiff sought recovery for personal injury and property damages sustained by his tenant while the policy was in force. Defendant insurance company denied coverage and any obligation to defend the suit. Plaintiff defended at his own

expense. The claim against plaintiff was dismissed before trial. We find defendant did not insure the loss and summary judgment was proper.

Summary judgment for defendant was granted on plaintiff's motion for summary judgment. The court entered the judgment on November 19, 1987 on the authority of Rule 74.04(c) which authorized, when appropriate, summary judgment against the movant party. This procedure was withdrawn from the rule by a change adopted May 22, 1987, and effective January 1, 1988.

The operative facts are not in dispute. Defendant issued a Merchant's Package Policy to plaintiff Emmitt Moore which provided liability coverage for the period February 2, 1983 to February 2, 1984. Plaintiff's business was described as "building owner." The location of the insured business was 3125-27 North Grand, St. Louis, Missouri. Plaintiff purchased the insurance policy at a time when he owned 3125-27 North Grand and the adjoining property at 3129-33 North Grand. On December 12, 1983, plaintiff contracted with Richard Smith d/b/a Smith Bros. Wrecking Company for demolition of a structure located at 3129. At that time plaintiff was the lessor of the property at 3125 North Grand to Melvin Harlston under a lease commencing September 15, 1982 and ending September 30, 1987. During the demolition on the adjoining property, materials therefrom were caused to fall on the insured premises occupied by Harlston.

On February 22, 1985 Harlston filed suit against Richard Smith d/b/a Smith Bros. Wrecking Company and plaintiff Emmitt Moore. We quote all of the relevant provisions of the Harlston petition:

3. Plaintiff [Harlston] further states that on or about December 12, 1983, plaintiff owned and operated a grocery store known as Mel's Super Market, and was on the premises known as 3125 North Grand, when defendant Richard Smith d/b/a Smith Bros. Wrecking Company was engaged in the demolition of the building owned by defendant Emmitt Moore next door to plaintiff's business, and due to the carelessness and negligence of defendants, materials from the demolition of the building next door was [sic] caused to fall on the building plaintiff's business was being operated in, and thereby causing plaintiff to sustain serious, permanent and painful injuries, along with property damage and loss of business, all as a direct and proximate result of the carelessness and negligence of defendants.

Plaintiff tendered the defense of the Harlston suit to defendant Commercial Union Insurance Company. It declined coverage on the theory that any negligence alleged by Harlston occurred on the adjoining uninsured premises.

Plaintiff contends that the Harlston petition may be interpreted as charging plaintiff with negligent acts which occurred on the insured premises. The negligent acts on the insured premises were omissions in failing to protect Harlston from injury and damage. Plaintiff acknowledges that he was insured only in his capacity as the owner of 3125 North Grand. He contends that the policy required the insurance company to defend "against any claim or suit seeking damages under this policy, even if the allegations of the suit are groundless or false." This provision is a part of the policy but it pertains only to claims made against plaintiff in the capacity in which he was insured. This provision does not extend the coverage to include all acts of plaintiff. It includes only those actions taken by plaintiff in his capacity as owner which occurred on the insured premises. The policy only insures occurrences. The policy defines occurrence as "an accident, including continuous or repeated exposure to conditions which result in bodily injury or property damage." However, the policy also provides coverage only for "each location, this insurance includes only those coverages for which a limit of insurance is specified on page #1 *for that location.*" (Our emphasis). Accordingly, an insured occurrence must take place on the insured premises and a petition must charge a breach of duty by the insured on the premises to require a defense by the insurer. The decisive question then narrows to

whether Harlston charged plaintiff Moore with a breach of duty on the insured premises.

We find that if we grant the Harlston petition its broadest intendment and meaning, *Shapiro v. Columbia Union National Bank and Trust Co.*, 576 S.W.2d 310, 312 (Mo. banc 1978), *cert. denied*, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979), it does not allege a breach of duty on the insured premises. Harlston alleged only that the demolition on the adjoining premises was done in a careless and negligent manner causing materials from the demolition "next door" to fall on the insured premises occupied under a lease by Harlston. The record does not disclose a motion by Moore for a more definite and certain petition. Nor is it relevant that Harlston could have filed on an alternative theory that plaintiff, as owner, not as a party involved in the demolition, breached a duty to protect Harlston as a tenant from a known risk of danger on a theory that plaintiff Moore assumed such duty. The Harlston petition simply does not allege that theory or any theory which required proof of negligent acts on the insured premises. Rather, it alleges joint negligence with Smith in the demolition on the adjoining property. In argument, plaintiff concedes that he had no duty as an owner and lessor, to protect Harlston from negligent acts of third parties which occurred on the adjoining premises.

■ The duty of a liability insurer to defend pursuant to its agreement is determined by comparing the language of the insurance contract and the allegations of the petition in the action brought by the person injured or damaged. If the complaint alleges facts which state a claim potentially within the policy's coverage, there is a duty to defend. *Luyties Pharmacal Co. v. Frederic Co., Inc.*, 716 S.W. 2d 831, 834–835 (Mo.App.1986). The Harlston petition did not allege such facts.

■ The interpretation of the meaning of the insurance policy is a question of law. *Commerce Trust Company v. Howard*, 429 S.W.2d 702, 705–706 (Mo.1968). Insurance policies are contracts and the rules applicable to the construction of contracts are applicable to insurance policies. *Central Surety & Insurance Corporation v. New Amsterdam Casualty Co.*, 359 Mo. 430, 222 S.W.2d 76, 78 (1949). "Where language in an insurance contract is unequivocal, it is to be given its plain meaning not withstanding the fact that it appears in a restrictive provision of a policy." *Luyties*, 716 S.W.2d at 835. Our reading of the insurance contract and the allegations in the Harlston petition is that the trial court did not err in granting summary judgment. There was no genuine issue of material fact in dispute on the question of coverage. The issue was one which could be decided as a matter of law. Summary judgment was proper. Rule 74.04(c) [1987 version]. The Harlston petition alleged negligence of plaintiff regarding a breach of duty by acts done only on the adjoining premises, not on the insured premises. Moreover, Moore was not sued in his capacity as owner of 3125 North Grand. Consequently, defendant was not obligated under the insurance contract to defend the Harlston claim.

We affirm.

SMITH and KELLY, JJ., concur.