**162**

Arthur **HEAVENS**,
Plaintiff–Respondent,

v.

**LACLEDE GAS COMPANY**,
Defendant–Appellant.

No. 56881.

Missouri Court of Appeals,
Eastern District,
Division One.

May 7, 1991.

Paul B. Hunker, Jr., St. Louis, for defendant-appellant.

William R. Hirsch, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Respondent, Arthur Heavens, was rear ended by an uninsured motorist while operating a van owned by Appellant, Laclede Gas Co. in the course and scope of his employment. After originally filing a Workers' Compensation claim, Respondent filed suit joining Appellant Laclede as a defendant. Appellant's motion to dismiss on the grounds of exclusive jurisdiction of the Workers' Compensation remedy was sustained. We reversed and remanded in *Heavens v. Laclede Gas Co.*, 755 S.W.2d 331 (Mo.App.1988). In that opinion we held that an employee who suffers injuries in the course of employment may recover against his self-insuring employer under Missouri's Uninsured Motorist statute, § 379.203 RSMo 1986.

Pursuant to that remand a jury trial was conducted and a verdict returned in favor of Respondent for $60,000. Appellant does not appeal the sufficiency of the evidence or the reasonableness of the award. The sole issue appealed in this case is one of first impression in Missouri. That issue is whether a self-insurer is liable for a judgment in excess of the minimum statutory uninsured motorist coverage for individual bodily injury of $25,000.

■ Owners of fleets with more than twenty-five vehicles may obtain a certificate of self insurance by posting a bond as proof of financial responsibility. § 303.230. Section 303.240 [1] requires the amount deposited to be $60,000 and also provides that, "[s]uch deposit shall be held by the state treasurer to satisfy, *in accordance with the provisions of this chapter*, any execution on a judgment issued against such person making the deposit, for damages ... of bodily injury to or death of any person, or for damages because of injury to or destruction of property." § 303.240.2 (emphasis added). Appellant properly complied with all of these self-insurance requirements and now asserts that it should be treated as if it had insured under a policy, including its minimum liability limits.

■ We agree with this contention because the unambiguous language of

**1.** All statutory references are to RSMo 1986    unless otherwise noted.

§ 303.230, a provision to be read in accordance with § 303.240, states, "[s]uch bond shall be conditioned for payments in amounts and under the same circumstances *as would be required* in a motor vehicle liability policy...." § 303.230.1 (our emphasis). Words used in statutes are to be considered in their plain and ordinary meaning in order to ascertain lawmaker's intent. *Donahue v. City of St. Louis,* 758 S.W.2d 50 (Mo. banc 1988). The plain and ordinary meaning of these terms is that the $60,000 bond or deposit should be paid out subject to the same dollar limits and under the same conditions as required in an insurance policy. This meaning reflects the legislators' intent to treat policy insurers and self-insurers equally.

Furthermore, § 303.030.5 sets out the conditions and minimum coverage required for a "policy or *bond*" to be effective. The minimum coverage required is:

> not less than twenty-five thousand dollars because of bodily injury to or death of one person in any one accident ... not less than fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and, if the accident has resulted in injury to or destruction of property, to a limit of not less than ten thousand dollars because of injury to or destruction of property of others in any one accident.

§ 303.030.5.

The clear intent of this section is to require the same minimum liability coverage for both policy insurers and self-insurers.

The legislature set the minimum amount of the self-insurance bond at $60,000 to be consistent with the minimum amounts of policy insurance. Under the minimum policy limits of $25,000 per person, $50,000 per incident for bodily injury or death and $10,000 for property damage, one's maximum liability would be $60,000 ($50,000 plus $10,000). Obviously, the legislature did not set the bond amount arbitrarily. It did intend to treat policy holders and self-insurers consistently by placing them on equal footing.[2]

Respondent argues that any uncertainty or ambiguity as to the amount of coverage should be resolved in favor of the insured or beneficiary. *White v. Smith,* 440 S.W.2d 497, 511 (Mo.App.1969). Reading the provisions of the Motor Vehicle Safety Responsibility Law in conjunction with each other, however, we find no uncertainty or ambiguity in the amount of coverage. The statute speaks of "policies or bonds" similarly conditioned for amounts of payments. The language is express and the intent is clear, so we construe it according to that language.

Because we find that self insurance bonds are subject to the same minimum dollar limits as insurance policies, Respondent's recovery should be limited to amounts recoverable under § 303.030.5 for bodily injury or $25,000. The judgment of the trial court is reversed and remanded to enter judgment consistent with this opinion.

KAROHL and GRIMM, JJ., concur.

**2.** This consistent treatment is further evidenced by the 1981 amendments to the minimum insurance policy coverage and the minimum bond amount. The minimum policy coverage at that time was $10,000 per person, $20,000 per incident and $2,000 for property damage or a potential maximum liability of $22,000. § 304.030.5 RSMo 1978. Likewise, the minimum amount required to post a bond was $22,000. § 303.240 RSMo 1978. In 1981, the legislature simultaneously raised both the minimum insurance policy coverage limits and the minimum self-insurance bond amount to their current limits, thereby, implying equal treatment.