**Felicia CLAYTON, Appellant,**

v.

**BI–STATE DEVELOPMENT
AGENCY, Respondent.**

No. 62662.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 6, 1993.

William R. Hirsch, St. Louis, for appellant.

James E. Whaley, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Plaintiff appeals the dismissal of her cause of action for failure to state a claim.

Plaintiff is employed by defendant, Bi–State Development Agency, as a bus driver. She was injured while operating a bus in the City of St. Louis when a hit-and-run driver collided with her bus in a stolen vehicle. Plaintiff does not own an automobile and does not carry any motor vehicle insurance. She filed this action claiming she is entitled to uninsured motorist coverage from her employer, a self-insured common carrier. Defendant filed a motion to dismiss claiming immunity from the statutory requirement to furnish uninsured motorist coverage under § 303.350 RSMo. 1986. The trial court granted this motion and plaintiff appeals. We affirm.

Section 379.203 RSMo.1986 mandates the inclusion of uninsured motorist coverage in all policies of automobile liability insurance issued in Missouri. No policy of automobile liability insurance is involved in this case. However, § 303.025.1 RSMo.1986 requires all owners of motor vehicles to maintain financial responsibility. Section 303.-160.1(4) RSMo.1986 authorizes proof of financial responsibility through the filing of a certificate of self-insurance supplemented by an agreement to provide the same payments as an insurer under a motor vehicle liability policy. In *Heavens v. Laclede Gas Co.*, 755 S.W.2d 331 (Mo.App.1988), we held a self-insured employer was required to furnish uninsured motorist coverage to its employees injured in the course of employment while operating a company-owned vehicle. "Since a self-insurer agrees to pay as if it had a vehicle liability policy, and any vehicle liability policy would have included uninsured motorist protection, a self-insurer agrees to be liable to the drivers of its vehicles in uninsured motorist situations." *Heavens*, at 333. Following this path, plaintiff concludes every vehicle operated upon the streets and road of Missouri must be covered by uninsured motorist protection.

The fallacy in plaintiff's argument is that § 303.350 exempts motor vehicles owned by federal, state, or municipal govern-

ments, political subdivisions, and common carriers from the requirements of Chapter 303. Defendant, an inter-state compact agency which operates a public mass-transportation system, is a political subdivision. Section 301.260.4 RSMo.1992. Defendant, therefore, is exempt from complying with § 303.025 and 303.160. It is not required and has not agreed to pay as an insurer would have been obligated to pay.

Plaintiff argues that the government exception of § 303.350 has been voided as against public policy. She cites *Martin v. State Farm Mut. Auto. Ins. Co.,* 755 S.W.2d 638 (Mo.App.1988) for support. Plaintiff's reliance on *Martin* is misplaced. *Martin* involved a plaintiff who was injured while operating a motor vehicle for his employer, a municipality. However, the plaintiff sued under his own automobile insurance policy which included uninsured motor vehicle coverage. The policy specifically exempted government-owned vehicles from uninsured motor vehicle coverage. Plaintiff was injured while driving a government-owned vehicle. The court held that this exemption was an attempt to whittle away at the purpose of § 379.203, protecting *purchasers* of insurance, and struck it down. *Martin* does not purport to invalidate § 303.350.

Defendant, as a political subdivision, is exempt from the requirements of Chapter 303 and therefore did not have to file a certificate of self-insurance nor the supplemental agreement. Absent the agreement the requirement of § 379.203 to furnish uninsured motor vehicle coverage does not apply to defendant. The order of the trial court is affirmed.

CRANE and CRAHAN, JJ., concur.