Jack THOMPSON and Tammy
Thompson, Appellants,

v.

James SCHLECHTER, Shelter Mutual
Insurance Company And Liberty Mutual
Insurance Company, Respondents.

No. ED 76806.

Missouri Court of Appeals,
Eastern District.
Division One.

Aug. 22, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 25, 2000.

Case Transferred to Supreme Court
Dec. 5, 2000.

Case Retransferred to Court of
Appeals May 29, 2001.

Original Opinion Reinstated
June 4, 2001.

Cervantes & Associates, Leonard P. Cervantes, Phillip A. Cervantes, St. Louis, for appellant.

Valentine and Rouse, Larry D. Valentine, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, Jack Thompson and Tammy Thompson, ("appellants"), appeal from the judgment of the Circuit Court of St. Louis County, granting motions for summary judgment in favor of respondents, Shelter Mutual Insurance Company, ("Shelter"), and Liberty Mutual Insurance Company, ("Liberty").[1] We affirm in part and reverse in part.

Appellant, Jack Thompson, ("Thompson"), was involved in a motor vehicle accident that occurred on March 23, 1992. Thompson was driving a truck owned by his employer, Hill–Behan Lumber Company, ("Hill–Behan"), when he was rear-ended by another Hill–Behan truck driver,

James Schlechter, ("Schlechter"). Thompson sustained serious and permanent injuries. Thompson and Schlechter were acting within the course and scope of their employment with Hill–Behan.

Both Hill–Behan's trucks, driven by Thompson and Schlechter, were insured by Liberty. Thompson submitted a claim to Liberty for his personal injuries. Liberty denied the claim based upon the fellow employee exclusion that was part of the policy it issued to Hill–Behan. Furthermore, in a letter dated November 17, 1994, from Liberty to Schlechter, Liberty wrote:

> We have reviewed Hill Behan's Business Auto Liability policy no. AS2–141–085570–042 with effective dates 1/1/92 through 1/1/93, to determine whether coverage for you exists. We have determined there is no coverage.
>
> I recommend you put your personal Auto Liability carrier on notice of this accident at your earliest convenience.

At the time of the collision, Schlechter maintained a personal automobile insurance policy with State Farm Insurance Company, ("State Farm"). State Farm denied coverage claiming that the vehicle driven by Schlechter did not "qualify as a temporary substitute, non-owned or newly acquired auto as defined in the policy."

Furthermore, Liberty provided uninsured motorist coverage on the truck driven by Thompson. The relevant section provides:

> We will pay all sums the insured is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury

---

1. James Schlechter is not a party to this appeal because appellants' case against him is still pending in the trial court.

sustained by the insured caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle.

The policy excludes: "[t]he direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law." The policy defines an uninsured motor vehicle as a land motor vehicle or trailer "[f]or which an insuring or bonding company denies coverage or is or becomes insolvent."

Appellants also had a policy of automobile insurance issued by Shelter, covering their 1994 Chevrolet Corsica and 1997 Dodge Ram 1500, which provided uninsured motorist coverage. The relevant section provides:

> We will pay damages for bodily injury which an insured or the insured's legal representative is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle.

The policy further defined uninsured motor vehicle as "a motor vehicle not insured by a bodily injury liability bond or insurance policy applicable at the time of the accident, or if there is such, the company writing it denies coverage." The coverage does not apply "[t]o the extent it would benefit any insurer or self-insurer under any workers' compensation or disability benefits law or similar law."

Appellants filed suit against Liberty and Shelter contending that they were entitled to uninsured motorist benefits under both insurance policies. Liberty and Shelter filed separate motions for summary judgment. On August 12, 1999, the trial court granted summary judgments on both motions. On September 9, 1999, the trial court, pursuant to Rule 74.01(b), certified

its orders as appealable judgments, finding no just reason for delay. Appellants appeal.

Appellate review of motion for summary judgment is essentially de novo. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo.banc 1993). Appellate courts review the record in the light most favorable to the party against whom judgment was entered. *Id.*

Appellants raise two points on appeal. Appellants argue that trial court erred: 1) in granting summary judgment in favor of Shelter on their uninsured motorist claim; and 2) in granting summary judgment in favor of Liberty on their uninsured motorist claim.

■ The issue of whether uninsured motor vehicle coverage is applicable, in the first instance, is a matter of construction of the insurance contract. *Seymour v. Lakewood Hills Ass'n*, 927 S.W.2d 405, 408 (Mo.App. E.D.1996). Where the language of an insurance contract is plain, straightforward, and susceptible of only one meaning, there is no room for judicial construction because there is nothing to construe. *Id.* Section 379.203, RSMo 1994, which governs uninsured motorist coverage, is designed to require coverage only against injuries arising from collisions with other vehicles lacking coverage. *Id.*

The litigation in *Seymour* arose out of a one-vehicle accident involving a garbage truck owned by Reliable Disposal, Inc., ("Reliable"). *Id.* at 407. The truck was insured by Ohio Casualty. *Id.* At the time of the accident, plaintiff, a garbage collector, was standing on the back of a garbage truck. *Id.* The driver of the truck, a fellow employee, while attempting to back down a street to collect trash in a cul-de-sac, backed the truck into a tree located in the middle of the road, severing plaintiff's left hand. *Id.* Ohio Casualty denied liability

coverage under the "fellow employee" exclusion. *Id.* Plaintiff tried to recover under Ohio Casualty's policy of uninsured motorist coverage. *Id.* The trial court granted a motion for summary judgment in favor of Ohio Casualty, determining that the truck was not an uninsured motor vehicle as defined in Ohio Casualty's policy. *Id.* We affirmed the judgment of the trial court. *Id.*

In affirming the judgment of the trial court, we noted the fellow employee exclusion in Ohio Casualty's policy did not violate the Motor Vehicle Financial Responsibility Law, ("MVFRL"), or the uninsured motorist, ("UM"), statute. *Id.* at 408–09. We held that the truck was not an 'uninsured motor vehicle' within the meaning of the policy and UM statute because "if we were to hold that Seymour (plaintiff) should fall within uninsured motorist coverage, the effect would be to nullify the fellow employee exclusion from liability coverage, giving the insured protection he did not bargain for." *Id.* at 408.

■ In the case at bar, we affirm the grant of the motion for summary judgment in favor of Liberty. Liberty's policy is similar to the Ohio Casualty's policy in *Seymour.* It had a specific provision for a fellow employee exclusion. As we found in *Seymour* the fellow employee exclusion does not violate MVFRL or the UM statute. Thompson's employer bargained for liability insurance with exclusions, including the fellow employee exclusion. Liberty's denial of coverage in this instance complies with the policy and for what the insured bargained for. The insured's attempt to recover under uninsured motorist coverage is an attempt to circumvent what he bargained for under the policy. Like in *Seymour,* if we held that Thompson should fall within the uninsured motorist coverage, the effect would be to nullify the fellow employee exclusion from liability

coverage, giving the insured protection he did not bargain for. Thus, the trial court correctly granted Liberty's motion for summary judgment.

■ However, we reverse the grant of the motion for summary judgment in favor of Shelter. Shelter's policy is different from both Ohio Casualty's policy and Liberty's policy. Shelter's unambiguous policy did not have a specific provision for the fellow employee exclusion. Liberty denied coverage to the vehicle based on the fellow employee exclusion, which Thompson did not bargain for in his insurance with Shelter. State Farm denied coverage claiming that the vehicle driven by Schlechter did "not qualify as a temporary substitute, non-owned or newly acquired auto as defined in the policy." Shelter's policy defined uninsured motor vehicle as "a motor vehicle not insured by a bodily injury liability bond or insurance policy applicable at the time of the accident, or if there is such, the company writing it denies coverage." The motor vehicle driven by Schlecter was insured under Liberty's policy at the time of the accident and Liberty denied coverage under it. Therefore, under a plain reading of Shelter's policy, Thompson is covered under the uninsured motorist coverage. Allowing Thompson to recover gives him, the insured, the protection he bargained for.

■ Shelter argues allowing appellants to recover uninsured motorist benefits would merely provide them with double benefits. Shelter concedes its policy did not include a specific exclusion for the vehicle involved; however, it argues its policy provides that uninsured motorist coverage does not apply "to the extent it would benefit any insurer or self-insurer under any worker's compensation or disability benefits law or similar law." The record is devoid of evidence of double re-

covery, worker's compensation benefits or disability benefits received. Furthermore, Shelter did not raise this specific issue in its motion for summary judgment. Thus, Shelter's allegation is unsubstantiated.

Based on the foregoing, we affirm the grant of the motion for summary judgment in favor of Liberty and reverse the grant of the motion for summary judgment in favor of Shelter.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.

Before JAMES M. SMART, Jr., P.J., JOSEPH M. ELLIS and LAURA DENVIR STITH,[1] JJ.