

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| LUCAS COX, | ) | No. ED102333 |
| | ) | |
| Plaintiff/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Michael D. Burton |
| ST. PAUL FIRE AND MARINE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant/Respondent. | ) | Filed:  June 16, 2015 |

## Introduction

Lucas Cox (Appellant) appeals from the trial court's summary judgment entered in favor of St. Paul Fire and Marine Insurance Company (Respondent).  We affirm.

## Factual and Procedural Background

Appellant brought a negligence action against Billy Fair (Fair) for personal injuries Appellant sustained in November 2006 while riding on the back of a sanitation truck Fair was driving when both were acting in the course and scope of their employment with the sanitation department of the City of Kirkwood.  Fair turned a corner too sharply, causing Appellant to be struck by a telephone pole.  After a bench trial, the trial court found Fair negligent and awarded a judgment in Appellant's favor against Fair in the amount of seven million dollars ($7,000,000).

In the instant case, Appellant brought a two-count action against Respondent seeking underinsured motorist (UIM) coverage for his damages (Count I) and equitable garnishment of

his judgment against Fair (Count II) under an insurance policy, #GP09312545 (the Policy), Respondent issued to the City of Kirkwood. At the trial court, Appellant conceded Respondent was entitled to summary judgment on Count II, noted by the trial court in its Judgment granting summary judgment to Respondent on both counts. This appeal follows. Only Count I of Appellant's petition, for UIM coverage, is at issue in this appeal. The Policy will be set forth in pertinent part as relevant to our discussion of Appellant's point on appeal.

## Point on Appeal

Appellant maintains the trial court erred in entering summary judgment in favor of Respondent on Appellant's claim for UIM coverage under the Policy because the sanitation truck was underinsured as defined by the Policy and none of the exclusions apply.

Appellant also asserts Missouri's motor vehicle financial responsibility (MVFR) law compels coverage under the Policy despite the holding in Baker v. DePew, 860 S.W.2d 318 (Mo.banc 1993), because DePew was wrongly decided.

## Standard of Review

We review the entry of summary judgment de novo. ITT Commercial Finance v. Mid-Am. Marine, 854 S.W.2d 371, 376 (Mo.banc 1993). Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id. at 376. When reviewing a trial court's grant of summary judgment, this Court views the record in the light most favorable to the party against whom summary judgment was entered. Id.

There is no issue in this case over a material fact. Where there is no issue over a material fact with respect to interpretation of an insurance policy, but there is a question about whether the language affords coverage for a loss, the matter in dispute is a question of law. Moore v.

2

Commercial Union Ins. Co., 754 S.W.2d 16, 18 (Mo.App. E.D. 1988). Summary judgment is

properly granted in those circumstances. Id.

Discussion

The Policy was in full force and effect at the time of the accident and covered the

sanitation truck owned by the City of Kirkwood and driven by Fair at the time of the accident.

The Policy's pertinent portions are set out as follows.

*General Liability*

Form G0209 of the Policy contains the City of Kirkwood's Public Entity General

Liability (PEGL) Protection:

> **Bodily injury and property damage liability.**
>
> We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:
>
> • happens while this agreement is in effect; and
> • is caused by an event.
>
> …
>
> **Employees and volunteer workers.**
>
> Your employees are protected persons only for:
>
> • work done within the scope of their employment by you;
> • their performance of duties related to the conduct of your operations; or
> • their acts as good samaritans in response to an accident or public emergency.

The PEGL coverage is modified by a "Fellow Employee Bodily Injury Endorsement," which

states:

> We won't apply the exclusions in this Employees and volunteer workers section to bodily injury to any fellow employee that results from work done by:
>
> **Any of your employees.**

The PEGL coverage contains the following Auto exclusion:

3

**Auto.** We won't cover bodily injury, property damage, or medical expenses that result from the:

• Ownership, maintenance, use, or operation;
• loading or unloading;
• entrustment to others; or
• supervision of others in or for the maintenance, use, operation, loading or unloading, or entrustment to others; of any auto owned, operated, rented, leased, or borrowed by any protected person.

*Auto Liability*

The Auto Liability coverage provides as follows in the "Who Is Protected under This Agreement" Section:

**Corporation or other organization.** If you are named in the Introduction as a corporation or other organization, you are a protected person for the use of a covered auto. Also, your executive officers and directors are protected persons. But only for the use of a covered auto. Also, your stockholders are protected persons, but only for their liability as your stockholders.

**Any permitted user.** Any person or organization to whom you've given permission to use a covered auto you own, rent, lease, hire or borrow is a protected person.

The Policy's Introduction further states:

The words you, your, and yours mean the insured named here, which is a

MUNICIPAL GOVERNMENT
CITY OF KIRKWOOD
139 SOUTH KIRKWOOD RD
KIRKWOOD MO 63122

Form 44449 of the Policy provides for the City of Kirkwood's Auto Liability Protection under the Policy:

**Bodily injury and property damage liability.** We'll pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:

• results from the ownership, maintenance, use, loading or unloading of a covered auto; and
• is caused by an accident that happens while this agreement is in effect.

4

The Auto Liability coverage contains the following Fellow Employee exclusion:

> **Injury to a fellow employee.** We won't cover bodily injury to a fellow employee of any protected person arising out of and in the course of the fellow employee's employment by you.

Form 44460 provides the Auto Liability coverage's Limit of Coverage is two million dollars ($2,000,000).

### *UIM Coverage*

Form A0094 of the Policy defines a UIM and provides for the City of Kirkwood's UIM Protection:

> An underinsured vehicle is a land motor vehicle or trailer for which one or more liability policies or bonds at the time of an accident exists, but the total of these policies or bonds is less than the amount that a protected person is legally required to receive as damages as a result of the accident.
>
> …
>
> We'll pay compensatory damages the named insured and other persons protected under this agreement are legally entitled to collect from the owner or driver of an underinsured vehicle if the damages result from an accident that caused bodily injury to the protected person.

### *Umbrella Protection*

Forms E0113 and 47550 provide the Policy has Umbrella Excess Liability Protection limited at five million dollars ($5,000,000) of additional coverage for personal injury. This coverage has an endorsement, the Public Sector Services Missouri Statutory Cap Limits of Coverage Endorsement, which provides:

> Missouri personal injury each person statutory cap limit. This limit is shown below. It's the most we'll pay for all covered personal injury:
>
> • that's sustained by any one person or organization;
> • that's caused by any one or more personal injury offenses that are considered a single accident or occurrence under Missouri Revised Statute Section 537.610 or any amendments to that section; and

5

• for which you're legally required to pay damages that are subject to Missouri's statutory caps on damages for governmental tort liability.

Missouri personal injury each person statutory cap limit: $345,499.

<u>Appellant's Claim for Coverage</u>

Appellant maintains he is entitled to UIM coverage from the Policy for his injuries because the sanitation truck on which he was injured was underinsured in that it only had a maximum of two million dollars ($2,000,000) in coverage under the auto liability limit of coverage, which is less than the seven million dollars ($7,000,000) he incurred in damages. Appellant argues the Policy's five million dollars ($5,000,000) in umbrella coverage for personal injury does not add up to create a total of seven million dollars ($7,000,000) in coverage because the umbrella coverage is rendered illusory by the statutory sovereign immunity cap of two million dollars ($2,000,000) set forth in Section 537.610.2.[1]

This argument is without merit because the statutory sovereign immunity cap applies to governmental entities, like Kirkwood, and Fair is not a governmental entity but an employee of one. See Section 537.600.1(1). The immunity is explicitly waived for negligent acts of public employees arising out of the operation of motor vehicles within the course of their employment. See id. Therefore, the Policy's total coverage for the sanitation truck is seven million dollars ($7,000,000), the same amount as Appellant's damages, and thus the sanitation truck was not underinsured. Appellant's claim for UIM based on this reasoning fails.

---

[1] All statutory references are to RSMo 2006, unless otherwise indicated. Section 537.610.2 provides:

> The liability of the state and its public entities on claims within the scope of sections 537.600 to 537.650, shall not exceed two million dollars for all claims arising out of a single accident or occurrence and shall not exceed three hundred thousand dollars for any one person in a single accident or occurrence, except for those claims governed by the provisions of the Missouri workers' compensation law, chapter 287.

More significantly, Appellant is not entitled to coverage from this Policy because he is specifically excluded from liability coverage.

Appellant's damages are not covered under the Policy because it has a specific "fellow employee exclusion." A "fellow employee" is defined as "another employee of the same employer." See Zink v. Employers Mut. Liab. Ins. Co. of Wisconsin, 724 S.W.2d 561, 563 (Mo.App. W.D. 1986) ("Zink II"); see also Ward v. Curry, 341 S.W.2d 830, 837-38 (Mo. 1960) ("another employee of the same employer"). In Zink v. Allis, 650 S.W.2d 320 (Mo.App. W.D. 1983), the plaintiffs were the survivors of an employee killed while a passenger in a company truck driven by another employee. Id. at 321. The substance of the plaintiffs' argument was that, due to a fellow-employee exclusion in the liability policy, the negligent driver was "uninsured" for purposes of determining whether that policy's uninsured motorist coverage was applicable. Id. at 322. The Zink court observed the plaintiffs "did not really base their claim upon the terms of the uninsured motorist portion of the policy itself" and that liability under the uninsured motorist policy was contingent on whether the vehicle in which the decedent was riding was insured, not whether the driver was insured. Id. at 321. As a liability policy covered the vehicle in question, the plaintiffs could not directly avail themselves of the uninsured motorist coverage. Id. at 322-23.[2]

It is well-established in Missouri that an individual for whom liability coverage is excluded under a fellow employee exclusion cannot look to the same policy's *uninsured* motorist provision for coverage because that would nullify the fellow employee exclusion and give the insured protection for which he did not bargain. Thompson v. Schlecter, 43 S.W.3d 847, 850

---

[2] Appellant's argument that the Policy is underinsured *as to him* is similar to the Zink plaintiffs' theory of recovery in that regard. Like Zink, the sanitation truck at issue in the instant case is fully covered and not underinsured. This is another aspect of why Appellant's UIM argument must fail. The Policy's definition of UIM coverage does not coincide with Appellant's interpretation of it.

(Mo.App. E.D. 2000); Seymour v. Lakewood Hills Ass'n, 927 S.W.2d 405, 407-09 (Mo.App. E.D. 1996).

Seymour and Schlecter involved claims for uninsured motorist coverage and the instant claim is for underinsured motorist coverage. Missouri statutory law requires all automobile insurance policies in this State include uninsured motorist coverage, see Section 379.203, but it does not require the same of underinsured motorist coverage. This is a definite indication in the law of the sovereignty that it considers uninsured motorist coverage more important than underinsured motorist coverage. See, e.g., Windsor Ins. Co. v. Lucas, 24 S.W.3d 151, 154 (Mo.App. E.D. 2000); Muschany v. United States, 324 U.S. 49, 66-67, 65 S.Ct. 442, 451, 89 L.Ed. 744, 756 (1945). Exceptions based on public policy must usually find support in necessary implication from statutory provisions. Halpin v. American Family Mut. Ins. Co., 823 S.W.2d 479, 483 (Mo.banc 1992). Therefore, it follows that if the legislature allows a contractual fellow employee exclusion to supersede statutorily required uninsured motorist coverage in an auto liability policy, then it would allow a contractual fellow employee exclusion to override non-statutorily required underinsured motorist coverage.

Seymour involved a one-vehicle accident involving a garbage truck. The truck was owned by Reliable Disposal and insured by Ohio Casualty. Id. at 407. At the time of the accident, the plaintiff, a garbage collector, was standing on the back of a garbage truck. Id. The driver of the truck, a fellow employee, while attempting to back down a street to collect trash in a cul-de-sac, backed the truck into a tree located in the middle of the road, severing the plaintiff's left hand. Id. Ohio Casualty denied liability coverage under the "fellow employee" exclusion. Id. The plaintiff tried to recover under Ohio Casualty's policy of uninsured motorist coverage. Id. The trial court granted a motion for summary judgment in favor of Ohio Casualty,

8

determining that the truck was not an uninsured motor vehicle as defined in Ohio Casualty's policy. Id. We affirmed the judgment of the trial court, finding the truck was not an "uninsured motor vehicle" within the meaning of the policy and the uninsured motorist (UM) statute because if we were to hold that the plaintiff should fall within uninsured motorist coverage, the effect would be to nullify the fellow employee exclusion from liability coverage, giving the insured protection he did not bargain for. Id. at 408.

In Thompson v. Schlecter, an employee who was injured by a truck driven by a fellow employee brought an action to recover uninsured motorist benefits from his employer's automobile insurer, Liberty Mutual Insurance Company. We affirmed the trial court's summary judgment in favor of Liberty. Following Seymour, we stated:

> [The policy] had a specific provision for a fellow employee exclusion. As we found in Seymour the fellow employee exclusion does not violate MVFRL or the UM statute. Thompson's employer bargained for liability insurance with exclusions, including the fellow employee exclusion. Liberty's denial of coverage in this instance complies with the policy and for what the insured bargained for. The insured's attempt to recover under uninsured motorist coverage is an attempt to circumvent what he bargained for under the policy. Like in Seymour, if we held that Thompson should fall within the uninsured motorist coverage, the effect would be to nullify the fellow employee exclusion from liability coverage, giving the insured protection he did not bargain for. Thus, the trial court correctly granted Liberty's motion for summary judgment.

Schlechter, 43 S.W.3d at 850.

The Missouri Supreme Court upheld the fellow employee exclusion in Baker v. DePew, 860 S.W.2d 318, 323 (Mo.banc 1993), where an employee injured in a one-vehicle automobile accident while sitting in the back of a work truck obtained a default judgment against the co-employee driver and brought a garnishment action against the insurer who had issued a business automobile liability insurance policy covering the truck with the employer as the named insured. Id. at 319. The co-employee DePew, who was operating the pickup truck with the permission of

9

the employer at the time of the accident, maintained he was an insured under the omnibus clause of the policy but the insurance company denied coverage on the grounds that coverage was excluded by the fellow employee exclusion. Id. The court affirmed the trial court's judgment for the insurer, based on the fellow employee exclusion in the automobile policy. Id. at 324. The court held a fellow employee exclusion does not violate the MVFR law because the statute allows a policy exclusion for injury to an employee of the insured. Id. The court found the injured party was in fact an employee of the insured and was engaged in the employment of the insured at the time of the injury; the MVFR law did not override the contract; and the fellow employee exclusion clause was fully applicable to the situation and barred coverage to DePew for his co-employee's injury. Id.

In considering whether the MVFR law should be construed in such a way as to override an insurance contract containing a fellow employee exclusion clause, the Supreme Court said, "[a]bsent a clear mandate in the statute we are not inclined to override the agreement between [the insurance company] and [the insured]." Id. at 324. The Western District specifically echoed that sentiment in Shelter Mut. Ins. Co. v. Gebhards, 947 S.W.2d 132, 134 (Mo.App. W.D. 1997), where it stated, "[w]e do not find such a mandate in Chapter 303 for overriding Shelter's fellow employee exclusion."

Appellant maintains DePew was wrongly decided. However, this Court is not at liberty to second-guess the decisions of the Missouri Supreme Court. We are constitutionally bound to follow the most recent controlling decision of the Missouri Supreme Court and claims that the Missouri Supreme Court has incorrectly decided a previous case are not cognizable in the

10

Missouri Court of Appeals. <u>Doe v. Roman Catholic Diocese of St. Louis</u>, 311 S.W.3d 818, 822 (Mo.App. E.D. 2010).[3]

Based on the foregoing, we find Respondent is entitled to judgment as a matter of law on Appellant's claim for UIM coverage because Appellant is excluded from coverage by the Policy's fellow employee exclusion clause and the sanitation truck was not underinsured. Appellant's point on appeal is denied.

Conclusion

The trial court's judgment is affirmed.

_____<br>Sherri B. Sullivan, P.J.

Mary K. Hoff, J., and
Philip M. Hess, J., concur.

---

[3] We acknowledge the difficulty of seeking satisfaction of the judgment in this case, but we cannot overturn a decision of the Supreme Court.