Otis BAKER, Appellant,

v.

Earl DePEW, Defendant,

and

The Aetna Casualty & Surety Company, Respondent.

No. 75103.

Supreme Court of Missouri, En Banc.

Aug. 17, 1993.

Rehearing Denied Sept. 28, 1993.

J. Kent Emison, Robert L. Langdon, Carter J. Ross, Lexington, Michael Manners, Independence, for appellant.

Mark E. Johnson, Steven J. Boyd, R. Christopher Abele, Kansas City, for respondent.

Michael A. Dallmeyer, Michael G. Berry, Jefferson City, for amicus (M.I.C.)

THOMAS, Judge.

## FACTS AND BACKGROUND OF ACCIDENT

This insurance litigation arose out of a one-vehicle accident involving a 1979 Ford F–100 pickup truck owned by Holloway Construction Company (hereinafter "Holloway") driven by defendant Earl DePew, employed as a foreman by Holloway in the construction of a dam at Blue Springs Lake. Plaintiff Otis Baker, employed by Holloway as a heavy equipment operator, was riding in the back of the pickup at the time of the accident. Holloway employees were not allowed to drive their personal cars into the construction site, so they parked at an outlying parking area, and DePew transported them back and forth between the parking area and the construction site. At the time Baker was injured he was riding in the bed of the pickup truck because the cab was filled with other employees. Baker was injured when DePew stopped the truck suddenly, without warning, causing Baker's back to be thrown against a large, steel tool box located in the bed of the pickup truck. Baker sustained serious injuries to his back that required surgery and resulted in ninety percent to one-hundred percent disability, according to two physicians who testified on his behalf. Baker filed a workers' compensation claim against Holloway in which he alleged he had incurred $21,544.22 in medical expenses and $220,000.00 in past and future lost wages. Baker has not been able to return to work and, according to his doctor, is permanently disabled.

Plaintiff Baker filed a common law negligence action against defendant DePew for his personal injuries. DePew tendered his defense to the defendant, The Aetna Casualty & Surety Company (hereinafter "Aetna"), who had in effect at the time of the accident a business automobile liability insurance policy covering the pickup truck with Holloway as the named insured providing liability insurance coverage with limits in the amount of $2 million. DePew, who was operating the pickup truck with the permission of Holloway at the time of the accident, contends that he is an insured under the omnibus clause of the policy. Aetna denied coverage and refused to defend on the grounds that coverage is excluded by the fellow employee exclusion. DePew's personal attorney filed an answer on behalf of DePew after Aetna declined to defend. Thereafter, at a hearing of which defendant and his attorney had notice but failed to appear, a default judgment was entered in favor of plaintiff Baker and against defendant DePew in the amount of $875,000.00. Baker then filed the present legal garnishment action against Aetna seeking to satisfy his judgment against DePew. Baker and Aetna both filed motions for summary judgment. The trial court sustained Aetna's motion for summary judgment determining that DePew was not covered under the Aetna policy because of the fellow employee exclusion. Baker appealed to the Court of Appeals, Western District, which reversed the trial court and remanded the case with directions to enter judgment in the garnishment action in favor of Baker against Aetna in the amount of $875,000.00 plus legal interest. This Court then granted transfer.

## POLICY PROVISIONS

The following provisions of the Aetna policy are relevant to the coverage issue presented in this case and the case precedents relied on by the respective parties:

### SECTION II—LIABILITY COVERAGE

A. COVERAGE

    \*     \*     \*     \*     \*     \*

1. WHO IS AN INSURED

The following are "insureds."

a. You for any covered "auto."

b. Anyone else while using with your permission a covered "auto" you own.... [Commonly called omnibus coverage.]

    \*     \*     \*     \*     \*     \*

B. EXCLUSIONS

This insurance does not apply to any of the following:

    \*     \*     \*     \*     \*     \*

4. EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY [Com-

monly referred to as employee exclusion clause.]

"Bodily injury" to:

a. An employee of the "insured" arising out of and in the course of employment by the "insured;"

\*     \*     \*     \*     \*     \*

5. FELLOW EMPLOYEE [Commonly referred to as a cross-employee exclusion clause.]

"Bodily injury" to any fellow employee of the "insured" arising out of and in the course of the fellow employee's employment.

\*     \*     \*     \*     \*     \*

### SECTION V—DEFINITIONS

D. "Insured" means any person or organization qualifying as an insured in the Who is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, *the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.* [Commonly referred to as a severability clause.]

(Emphasis added.)

### COVERAGE ISSUE

#### Omnibus Coverage Clause

■ The omnibus coverage clause provides for coverage to anyone using a covered vehicle with permission. DePew actually had unlimited permission from Holloway for use of the pickup truck, both for business and for personal use. Thus, there is no dispute as to plaintiff's initial position; DePew is covered as an insured under the omnibus coverage clause. The primary issue is whether coverage is excluded under one of the coverage exclusion provisions of the policy.

#### Severability Clause

■ Aetna claims DePew is excluded from coverage under the fellow employee exclusion clause. This, in turn, requires an understanding and analysis of the meaning of the severability clause. Under the standard automobile policy, a number of different people may be an "insured." In the present situation, Holloway is the named insured, and DePew is an insured under the omnibus clause. The severability clause provides that the term "insured" refers to any person or organization who qualifies as an insured but that the policy is applied separately to each such insured who is seeking coverage and against whom a claim for damages is brought. This has been construed to mean that when applying the coverage to any particular insured the term "insured" is deemed to refer only to the insured who is claiming coverage under the policy with respect to the claim then under consideration. *Shelter Mut. Ins. Co. v. Brooks,* 693 S.W.2d 810 (Mo. banc 1985); *Commercial Standard Ins. Co. v. American Gen. Ins. Co.,* 455 S.W.2d 714 (Tex.1970). The severability clause applies to the meaning of the term "insured" anywhere in the policy except in the provisions that specify the limits of liability; i.e., the severability clause does not operate to increase the limits of the policy.

■ As applied to these parties and this claim, both Holloway and DePew are insured under the policy, but it is DePew who is claiming the benefit of the coverage and against whom Baker brings this claim. Therefore, under the severability clause any references in the policy to "insured" are interpreted to refer to DePew and not to Holloway. One simple method of visibly demonstrating the impact of the severability clause is to insert the name of the applicable insured immediately following the term "insured" in the relevant provisions. Using this device in the present case (and also inserting the names of other relevant parties) the exclusion clauses would read as follows:

B. EXCLUSIONS

This insurance does not apply to any of the following:

\*     \*     \*     \*     \*     \*

4. EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY

"Bodily injury" to:

a. An employee [Baker] of the "insured" [DePew] arising out of and in the course of employment by the "insured" [DePew];

\*     \*     \*     \*     \*     \*

## 5. FELLOW EMPLOYEE

"Bodily injury" to any fellow employee [Baker] of the "insured" [DePew] arising out of and in the course of the fellow employee's [Baker's] employment.

### Coverage is Excluded Under the Fellow Employee Exclusion Clause

Aetna claims coverage is excluded under the fellow employee exclusion clause, which excludes coverage for any bodily injury to anyone who is a fellow employee of the insured. This requires that the injured party (Baker) and the insured (DePew) be employed by the same employer and that the injury arise out of and in the course of that employment. This requirement is met here because Holloway is the common employer of Baker and DePew, and the injury arose out of and in the course of Baker's employment by Holloway. *See Zink v. Employers Mut. Liability Ins. Co.,* 724 S.W.2d 561 (Mo.App. 1986), a wrongful death action in which Zink, the backup driver of a long-distance truck driving team, was killed in an accident that occurred while the head driver was operating the truck. In finding that coverage was excluded under the fellow employee exclusion clause, the court held that the term "fellow employee" as used in the fellow employee exclusion, means "another employee of the same employer." [1] *Id.* at 563.

■ Although Aetna is not claiming coverage is excluded in this case under the employee exclusion clause, it is important to evaluate the applicability of the employee exclusion clause because this will help understand the difference between it and the fellow employee exclusion clause, and this, in turn, is very helpful in analyzing the case precedent relied upon by plaintiff. The employee exclusion clause requires that the injured party be an employee of the insured and that the injury arise out of and in the course of that employment. What would be the result if Aetna were claiming that the coverage was excluded under the employee exclusion clause? Of course, Baker is not an employee of DePew, so, on that basis, the employee exclusion clause would not be applicable. Baker is an employee of Holloway, and Holloway is the named insured under the policy; so, in the absence of the severability clause, the employee exclusion clause would apply, and Aetna would have no liability under the policy. However, because this policy contains a severability clause, Holloway is not treated as an insured when applying the policy for the benefit of DePew, and, therefore, the employee exclusion clause would not exclude coverage in this situation.

■ In distinguishing between the employee exclusion clause and the fellow employee exclusion clause, the latter does not require that the common employer be an insured.[2] It is clear from the language of the fellow employee exclusion clause that the only requirement for it to apply is that the injured party (Baker) and the insured (DePew) have a common employer, which they have (Holloway).

### Cases Relied Upon by Plaintiff

The plaintiff relies heavily upon *Bituminous Casualty Corp. v. Aetna Life & Casualty Co.,* 599 S.W.2d 516 (Mo.App.1980), and the Wyoming case of *Barnette v. Hartford*

---

1. See also *Zink v. Allis,* 650 S.W.2d 320 (Mo.App. 1983), an earlier case involving the same parties and the same accident in which the court held that the survivors of the decedent could not recover under the uninsured motorist coverage of the employer's liability policy that contained a fellow employee exclusion clause; the court also held the Safety Responsibility Law enacted in 1978 (predecessor of the Motor Vehicle Financial Responsibility Law enacted in 1986) did not overrule or invalidate the fellow employee exclusion clause as to either the liability coverage or the uninsured motorist coverage.

2. If the fellow employee exclusion clause required that the common employer be an insured, then all of the circumstances that would qualify for exclusion under that clause would also qualify for exclusion under the employee exclusion clause (since both would require, at a minimum, that the injured party be an employee of the insured). Under these circumstances, the fellow employee exclusion clause would add nothing to the policy. The reverse would not necessarily be true, i.e., the employee exclusion clause could cover circumstances not covered by a fellow employee exclusion clause that requires that the common employer be an insured, i.e., those situations where the injured party is an employee of the insured but is not a fellow employee of the party who caused the injury.

*Insurance Group,* 653 P.2d 1375 (Wyo.1982). However, *Bituminous* involved an employee exclusion clause rather than a fellow employee exclusion clause. In *Bituminous,* Kitcherside, an employee of Metro, was operating a bulldozer to push a mired-down truck owned by ABC Roofing, insured by Aetna, and operated by Yates, an employee of ABC Roofing. Yates was injured and sued Kitcherside. Kitcherside was an omnibus coverage insured under Aetna's policy covering the truck because pushing the truck was considered to be "use" of the truck. Aetna declined coverage under the employee exclusion clause, which excluded coverage for any "bodily injury to ... any employee of the insured...." The policy contained a severability clause that provided "[T]he term 'the insured' is used severally and not collectively." The court of appeals held that the employee exclusion clause did not bar coverage to the omnibus covered insured (Kitcherside) because the injured party (Yates) was not an employee of the insured claiming coverage (Kitcherside). The fact that Yates was employed by the named insured (ABC Roofing) is irrelevant in view of the severability clause. This is exactly the same analysis we applied earlier in this opinion when discussing, hypothetically, whether DePew would have had coverage if Aetna had relied upon the employee exclusion clause. We reached the same conclusion that the court of appeals reached in *Bituminous,* i.e., that the employee exclusion clause is not applicable. However, Aetna does not rely upon the employee exclusion clause in the present case; it relies upon the fellow employee exclusion clause, and that clause changes the result because it is fully applicable even when it is applied in conjunction with the severability clause. For this reason, *Bituminous* is not helpful precedent in the present case.

In *Barnette,* the Wyoming court was actually considering a fellow employee exclusion clause (which they referred to as a "cross-employee" exclusion clause). However, virtually all of the cases that the Wyoming court discussed and the treatises relied upon involved employee exclusion clauses. The Wyoming court apparently either never distinguished between the two or assumed that both clauses have the same purpose and therefore should be applied in the same manner to reach the same result. We have articulated in our prior discussion that the fellow employee exclusion clause is indeed different than the employee exclusion clause, the best evidence of which is that the fellow employee exclusion clause produces a different result in the present case than the employee exclusion clause; i.e., it excludes coverage on DePew with respect to Baker's injuries.

In an attempt to use *Bituminous* and *Barnette* as persuasive precedent in the present case, plaintiff Baker apparently argues that the severability clause requires us to ignore the fact that DePew and Baker were both employed by Holloway. In his Brief at pages 26 and 27, Baker argues:

> Missouri courts and a majority of courts in other jurisdictions agree that a severability clause operates to treat each "insured," whether the named insured or an additional insured as a separate and distinct individual apart from any and every other person who may be entitled to coverage under the policy in question. When this concept is extended to the instant case, Earl DePew is afforded coverage under the Aetna Policy as a separate and distinct individual apart from his employer, Holloway Construction. He is not insured through the policy for Holloway Construction, rather he has a separate, independent policy in his individual capacity. As a result, the fellow employee exclusion is not applicable.

Plaintiff seems to be arguing that the severability clause requires the policy to be interpreted to exclude from consideration all other persons and their relationships to DePew (the insured who is claiming coverage) and Baker (the injured party). Plaintiff would thus require ignoring Holloway and the fact that it is the common employer of Baker and DePew. However, it is clear that the severability clause does not affect the fact of employment; it merely limits the persons to whom the term "insured" applies.

We have carefully analyzed the policy provisions and by our discussion demonstrated that the fellow employee exclusion clause,

which provides that "'[b]odily injury' to any fellow employee [Baker] of the 'insured' [De-Pew] arising out of and in the course of the fellow employee's [Baker's] employment," clearly bars coverage in this instance.

We hold that the fellow employee exclusion clause excluded coverage by Aetna of Baker's claim for injuries against DePew.

### Motor Vehicle Financial Responsibility Law

■ Plaintiff Baker contends in the alternative that even if the fellow employee exclusion clause applies, it is overridden by the Motor Vehicle Financial Responsibility Law. In *Halpin v. American Family Mut. Ins. Co.*, 823 S.W.2d 479 (Mo.1992), we held that a motor vehicle liability insurance policy issued pursuant to the Motor Vehicle Financial Responsibility Law (enacted in 1986) that fails to insure for the liability required by the act will be construed to cover the liability to the extent of the limits required by the statute. The limit in this case is $25,000, the amount applicable for bodily injury to any one person in any one accident.

Section 303.190.2(2), RSMo 1986, provides an owner's motor vehicle liability insurance policy

[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles....

Section 303.025.1, RSMo 1986, provides in relevant part:

No owner of a motor vehicle ... shall operate the vehicle, or authorize any other person to operate the vehicle, unless the owner maintains the financial responsibility as required in this section.

The Motor Vehicle Financial Responsibility Law contains certain statutory exceptions. Section 303.190.5 provides in part as follows:

Such motor vehicle liability policy need not insure ... any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment ... of the insured....

Thus, the Motor Vehicle Financial Responsibility Law provides an exemption (insurance is not required) for any injury of "an employee of the insured while engaged in the employment ... of the insured." In the present situation, the injured party, Baker, was an employee of the named insured, Holloway. On its face, the statutory exclusion is applicable and thus it does not appear that the Motor Vehicle Financial Responsibility Law would require coverage in this instance.

However, if the statute is construed in the same manner as the employee exclusion clause in a standard automobile policy containing a severability clause, then the statutory exclusion would not apply, and coverage would be required. In other words, if the term "insured" as used in the statute requires that the injured party be an employee of the insured who claims the benefit of the policy (DePew), then the statutory exclusion would not be applicable and coverage would be required.[3]

Although the severability clause is a common provision in automobile insurance policies, it is obviously complex and not the sort of provision to be interpreted or read into the contract or the statute absent some clear requirement to do so. The addition of severability clauses to the standard automobile policy followed efforts of the courts to construe policies that did not have a severability clause. While many states construed such a policy to exclude coverage where the injured party was an employee of the insured claim-

---

**3.** Another way to discuss the issue of whether the present circumstances are exempted from the statute is to point out that the statutory exemption in section 303.190.5 in substance is identical to the employee exclusion clause in the policy. On page 323 of this opinion, we discuss the fact that the employee exclusion would be applicable in the absence of the severability clause but does not apply in a policy that contains a severability clause. The same analysis and result applies to the statutory exemption. Whether this circumstance is exempted from the Financial Responsibility Law depends upon whether the phrase "the insured" in the statute refers to both DePew and Holloway or only to DePew.

ing the protection of the policy (i.e., as if the policy contained a severability clause) Missouri followed a contrary rule. *See Simpson v. American Automobile Ins. Co.*, 327 S.W.2d 519 (Mo.App.1959). In *Simpson,* the court of appeals reviewed the two lines of cases and held that where the injured party was the employee of the named insured, the fellow employee exclusion clause applied. Since section 303.190.5 is worded identically to an employee exclusion clause and does not contain a severability clause, *Simpson* represents strong authority for construing the statute in the same manner, i.e. to allow the fellow employee clause to exclude coverage in any situation where the injured party is an employee of any of the insureds.

Moreover, in applying the rule this Court adopted in *Halpin,* we are allowing the statute to override the express agreement of the parties. Those who cherish the sanctity of contracts will probably question whether this should ever be done; others who would be willing to subjugate the enforcement of contracts to meritorious public policy clearly spelled out by statute would not do so where the statute requires a strained or reaching construction to find such public policy in the statute. Absent a clear mandate in the statute we are not inclined to override the agreement between Aetna and Holloway.

The policy provides that there is no coverage where the injured party and the insured against whom the claim is made are fellow employees. Baker and DePew were fellow employees of Holloway. Baker was injured in the course of that employment, and he is making his claim against DePew. With respect to the statute, it allows a policy exclusion for injury to an employee of an insured. Baker, the injured party was an employee of Holloway, the named insured. Since all of the requirements for the exclusion from coverage as specified in the policy are present and the injured party is an employee of the insured as required by the statute for an acceptable policy exclusion, coverage is excluded. We will not engage in a strained

construction of the statute so as to override the express agreement of the parties.

We hold that the fellow employee exclusion in the present case does not violate the Motor Vehicle Financial Responsibility Law because the injured party, Baker, was in fact an employee of the insured, Holloway, and was engaged in the employment of the insured at the time of the injury. Thus, the Motor Vehicle Financial Responsibility Law does not override the contract and the fellow employee exclusion clause is fully applicable to this situation and bars coverage to DePew for Baker's injury.

### CONCLUSION

We affirm the trial court's judgment.

COVINGTON, C.J., and PRICE, LIMBAUGH and ROBERTSON, JJ., concur.

BENTON, J., concurs in part and dissents in part in separate opinion filed.

HOLSTEIN, J., concurs in opinion of BENTON, J.

BENTON, Judge, concurring in part and dissenting in part.

I concur in the thorough analysis that the policy language excludes coverage. However, because the Motor Vehicle Financial Responsibility Law [1] overrides the policy (to the extent of $25,000 for bodily injury to the one person in this one accident), I respectfully dissent from the last part of the principal opinion.

This Court has clearly held that the effect and intent of a severability clause is to treat each insured as having a separate policy. *Shelter Mutual Insurance Co. v. Brooks,* 693 S.W.2d 810, 812 (Mo. banc 1985). Most importantly, in the *Shelter Mutual* case itself, this Court expressly limited and restricted the case relied on by the principal opinion— *Simpson v. American Automobile Ins. Co.,* 327 S.W.2d 519 (Mo.App.1959). *Shelter Mutual Insurance Co.,* 693 S.W.2d at 811. *Simpson* is thus not "strong authority" in

1. *Chapter 303 RSMo 1986 & RSMo Supp. 1992.* All statutory citations are to RSMo 1986, unless otherwise specified.

Missouri[2]. *Shelter Mutual* preempts the *Simpson* rationale from affecting any case where there is a severability clause. *Id.* Because severability clauses now appear in standard auto policies,[3] *Simpson* is legally irrelevant in most cases, and in this case in particular.

By this Court's clear holding, DePew—for all legal purposes—had a separate policy. The exception to the Motor Vehicle Financial Responsibility Law for liability to "an employee of the insured while engaged in the employment ... of the insured...."[4] does not apply to this case because plaintiff Baker is not an employee of DePew. The principal opinion demonstrates this beyond dispute in the first part of the opinion.

The principal opinion shifts its view in the last part of the opinion, apparently because of "sanctity of contract" and "the agreement between Aetna and Holloway." In fact, it is that very agreement which contains the severability clause, which by Missouri law gives DePew a separate policy. As for sanctity of contract, Aetna and Holloway have complete freedom beyond the minimal coverage of $25,000 liability to the one person in this one accident. § 303.190.7; *Halpin v. American Family Mutual Insurance Co.* 823 S.W.2d 479 (Mo. banc 1992).

DePew has his own policy. DePew is an operator, "a person who is in actual physical control of a motor vehicle." § 303.020(8) *RSMo Supp. 1992.* DePew's separate policy is an "operator's policy." § 303.190.3. The statute defines the required "motor vehicle liability policy" as either "an owner's or an operator's policy." § 303.190.3. The statute thus anticipates policies with severability clauses that cover the liability of the operator. To put the issue in technical terms, the phrase "such motor vehicle liability policy" at the beginning of § 303.190.5 refers to either "an owner's or an operator's policy." *See*

§ 303.190.1. The statutory exception for liability to an employee of an insured—§ 303.-190.5—thus is determined in this case by the operator's relation to the plaintiff. *Shelter Mutual* thus provides the proper background for the statute.

The Motor Vehicle Financial Responsibility Law is a compulsory insurance law. *Halpin,* 823 S.W.2d at 481. The statute has the clear purpose that all operators *and* owners be insured. § 303.025.1. Redundant requirements of both operators and owners permeate the statute, to make sure the person behind the wheel is covered. *See, e.g.,* §§ 303.030.4; 303.041; 303.044; 303.070. To accomplish this purpose, this Court has invalidated exclusions within the statutory minimums, for the benefit not only of other drivers but also of occupants. *Halpin,* 823 S.W.2d at 482. This Court should do no less in this case.

---

**2.** *Simpson* was questionable authority from the outset because: (1) it conceded that other jurisdictions had held that even without severability clauses, auto policies covering owners and operators provided separate coverage to each; and (2) it rejected this common sense approach on the dubious rationale that the word "and" has an immutable plain meaning, and cannot ever mean "or." (No doubt, "and" can mean "or" in the

proper context, such as the Fourth Amendment where suppression does not require an illegal "search *and* seizure.")

**3.** *Kelly v. State Automobile Insurance Association,* 288 F.2d 734, 735 (6th Cir.1961).

