**EMPIRE FIRE AND MARINE INSURANCE COMPANY, Plaintiff/Respondent,**

**v.**

**Joseph DUST, d/b/a Triple D Hauling, John C. Dust, and James T. Fisher, Defendants/Appellants.**

**Nos. 69402, 69482.**

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 27, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 17, 1996.

Nanci R. Wisdom, Thurman, Howald, Weber, Senkel & Norrick, Hillsboro, Randall D. Sherman, Wegmann, Gasaway, Stewart, Schneider, Hillsboro, for appellants.

Martin J. Buckley, Evans & Dixon, St. Louis, for respondent.

WILLIAM E. TURNAGE, Senior Judge.

Empire Fire and Marine Insurance Company filed a petition for declaratory judgment seeking a declaration that Joseph Dust and John Dust were not covered by a policy of insurance issued by Empire to Joseph Dust d/b/a Triple D Hauling for injuries sustained by James Fisher in a motor vehicle accident. Joseph and John Dust filed a counterclaim for declaratory judgment against Empire and a cross-claim against Fisher seeking a declaration that coverage did exist for the Fisher injuries. The court entered judgment declaring that no insurance coverage existed and Joseph and John Dust and Fisher appealed.

Dust[1] contends that the policy of insurance was ambiguous as to whether Fisher was an employee or fellow employee of Joseph Dust. Affirmed.

The case was submitted to the court on a written stipulation of facts. John Dust and Fisher were employees of Joseph Dust who did business as Triple D Hauling. On July 4, 1991 a truck owned by Joseph Dust was being driven by John Dust with James Fisher as a passenger when it was involved in an accident resulting in injuries to Fisher. At the time of the accident John Dust and Fisher were making residential trash pickups for Joseph Dust.

The policy contained the following exclusions:

This insurance does not apply to any of the following:

4. EMPLOYEE INDEMNIFICATION AND EMPLOYER'S LIABILITY

"Bodily injury" to:

a. An employee of the "insured" arising out of and in the course of employment by the "insured[.]"

. . . .

5. FELLOW EMPLOYEE

"Bodily injury" to any fellow employee of the "insured" arising out of and in the course of the fellow employees' employment.

The policy contained a severability clause. Under this clause the policy must be examined with respect to the coverage afforded Joseph Dust and John Dust separately. This for the reason that as a person operating the truck with permission, John Dust became an insured under the omnibus coverage clause. As stated in *Baker v. DePew*, 860 S.W.2d 318, 320[2,3] (Mo. banc 1993):

The severability clause provides that the term "insured" refers to any person or organization who qualifies as an insured but that the policy is applied separately to each such insured who is seeking coverage and against whom a claim for damages is brought. This has been construed to mean that when applying the coverage to any particular insured the term "insured" is deemed to refer only to the insured who is claiming coverage under the policy with respect to the claim then under consideration.

█ Turning first to Joseph Dust, the named insured, it is apparent that no coverage exists for Joseph Dust for the injury sustained by Fisher because the policy excludes bodily injury to an employee of the insured arising out of and in the course of employment by the insured. Under the stipulation, Fisher was making trash pickups for Joseph Dust while employed by Joseph Dust. This fact triggers the employee exclusion and results in no coverage for Joseph Dust for Fisher's injuries.

█ With reference to John Dust, who was an insured under the omnibus coverage clause, it was stipulated that John Dust and Fisher were employees of Joseph Dust. The exclusion for fellow employees quoted above excludes bodily injury to any fellow employee of the insured arising out of and in the course of the fellow employee's employment. In applying this exclusion, John Dust is the insured because he was driving the truck with permission.

The fellow employee exclusion was examined in *Baker* and the court there quoted with approval *Zink v. Employers Mut. Liability Ins. Co.*, 724 S.W.2d 561, 563 (Mo.App.

---

1. Joseph Dust, John Dust and James Fisher are all appellants but have all joined in the filing of a single brief. For ease of reference, the three of them collectively will be referred to as "Dust."

1986), when it stated that, "the term 'fellow employee' as used in the fellow employee exclusion, means 'another employee of the same employer.'" 860 S.W.2d at 321. Under the fellow employee exclusion there is no coverage for John Dust because he and Fisher were the employees of the same employer, Joseph Dust, and both were engaged in the course of their employment.

Dust contends that even if there is no coverage for Joseph and John Dust because of the employee and fellow employee exclusions, there is an ambiguity in the policy arising from an endorsement in the policy. The endorsement was as follows:

If you are an individual, the policy is changed as follows:

A. CHANGES IN LIABILITY COVERAGE

1. The FELLOW EMPLOYEE Exclusion does not apply to "bodily injury" to your or any "family member's" fellow employees.

The policy also contained the following provision:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.

The endorsement applies only to Joseph Dust because it refers to "you" which under the policy only referred to the named insured who was Joseph Dust. Dust contends the endorsement purports to give coverage to Joseph Dust for his fellow employees which is taken away by the fellow employee exclusion considered in connection with the question of whether or not John Dust was covered for Fisher's injury. The endorsement does give coverage to the fellow employees of Joseph Dust. However, whether or not there is coverage for the fellow employees of Joseph is irrelevant in this case because Joseph as the employer could not have any fellow employees. Under the stipulation of facts, John Dust and Fisher were employees of Joseph. As the employer, Joseph could not become a fellow employee of one of his own employees. Thus, the endorsement has no bearing on the issues of this case.

Dust also argues the definition of employee and fellow employee used in *Baker* should not be followed. The exclusion in *Baker* is identical to the one in this policy, so it would seem logical to follow *Baker*. But Dust insists that *Baker* did not contain an endorsement as this policy does which modifies the fellow employee exclusion. This Court fails to see how the endorsement affects the definition of fellow employee and Dust fails to explain how the endorsement changes the definition. Further, Dust fails to suggest any other definition.

Dust further contends that the endorsement is meaningless if Joseph Dust does not have any fellow employees. Under the facts of this case the endorsement is irrelevant because Joseph Dust does not have any fellow employees. In any event, no coverage may be found in the exclusion, or in the endorsement which narrowed the exclusion, because an exclusion does not provide coverage, it only limits the obligation undertaken by the policy. *Transport Indem. Co. v. Teter*, 575 S.W.2d 780, 784[4,5] (Mo.App. 1978).

In summary, Joseph Dust did not have any coverage for Fisher's claim for injury because the policy excluded coverage for Joseph Dust's employees and Fisher was the employee of Joseph Dust. John Dust, although an insured, had no coverage for the claim for injury brought by Fisher because of the exclusion for bodily injuries of fellow employees of an insured and John Dust and Fisher were fellow employees. Joseph Dust did not have any fellow employees and the endorsement modifying the fellow employee exclusion does not apply, nor did the endorsement give coverage that was taken away in the policy.

The court correctly entered judgment finding no coverage existed for Joseph Dust or John Dust for the injuries sustained by Fisher.

The judgment is affirmed.

CRANE, C.J., and AHRENS, J., concur.