Arthur WHITNEY, Plaintiff/Appellant,

v.

**AETNA CASUALTY & SURETY COMPANY and David J. Berry, Defendants/Respondents.**

No. ED 76930.

Missouri Court of Appeals, Eastern District, Division Two.

April 25, 2000.

James E. Heckel, St. Louis, for Appellant.

Peter Joseph Dunne, Law Firm of Rabbitt, Pitzer & Snodgrass, St. Louis, Lawrence Robert Smith, Law Firm of Brinker & Doven, LLP, Clayton, for Respondents.

SHERRI B. SULLIVAN, Judge.

Arthur Whitney ("Plaintiff") appeals from a trial court judgment denying his Petition for Equitable Garnishment pursuant to Section 379.200 RSMo. (1994) against Aetna Casualty & Surety Company ("Aetna"). We affirm.

The parties submitted the case to the trial court on a stipulated record. The following facts are not in dispute. On

October 20, 1994, David J. Berry ("Berry") was driving a pickup truck owned by Staat Construction Company ("Staat") along Highway 50 in Franklin County. Berry had Staat's permission to use the truck. Plaintiff was a front seat passenger in the truck driven by Berry. Staat employed both Berry and Plaintiff, and both were acting within the course and scope of their employment. As Berry and Plaintiff were driving from one job site to another, Berry lost control of the truck which went down an embankment and struck a utility pole, causing Plaintiff to be ejected from the truck.

In January 1995, Plaintiff's attorney notified Aetna by letter that he was representing Plaintiff for personal injuries sustained as a result of the negligence of Berry. In August 1995, Aetna sent a letter to Aetna's insured, Staat, stating that because of what is commonly referred to as the "employee exclusion" in Staat's insurance policy with Aetna, Plaintiff's injuries and losses did not come within the terms of the policy.[1]

In September 1995, Aetna sent a letter to Plaintiff's attorney stating that the Staat insurance policy specifically excludes coverage of bodily injury to an employee of the insured arising out of and in the course of employment by the insured and that the exclusion applied whether the insured may be liable as an employer or in another capacity and to any obligation to share damages with or to repay someone else who must pay damages because of the injury.

In February 1996, Aetna sent a letter to Berry stating that the Staat insurance policy specifically excluded an injury claim arising out of or in the course of employment by the insured and that because Plaintiff's injury arose out of or in the course of his employment, coverage was excluded. The letter also referenced a specific page of the policy, a copy of which was enclosed with the letter. The page included the "employee exclusion" and a "fellow employee exclusion,"[2] with the former being highlighted.

In November 1996, Plaintiff filed a common law negligence action against Berry. Berry forwarded the petition and summons for this action to Aetna, which refused to defend him since it had previously informed him that coverage was excluded. Subsequently, Berry contacted Farmers' Insurance Company ("Farmers") requesting insurance coverage for the accident under his automobile liability insurance policy with Farmers.

In June 1997, Berry and Farmers entered into a written agreement with Plaintiff whereby Berry and Farmers agreed to pay Plaintiff the full policy limit of Berry's policy in the amount of $100,000, and Plaintiff agreed to repay the $100,000 to Farmers from the first $100,000 obtained in any judgment against Aetna under its insurance policy with Staat. Plaintiff also agreed that he would not levy execution or

---

1. The "employee exclusion" in the policy reads as follows:
   B. EXCLUSIONS
   This insurance does not apply to any of the following:
   . . .
   4. EMPLOYEE INDEMINIFICATION AND EMPLOYER'S LIABILITY
   "Bodily injury" to:
   a. An employee of the "insured" arising out of and in the course of employment by the "insured"...
   This exclusion applies:
   (1) Whether the "insured" may be liable as an employer or in any other capacity; and

   (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

2. The "fellow employee exclusion" in the policy reads as follows:
   B. EXCLUSIONS
   This insurance does not apply to any of the following:
   . . .
   5. FELLOW EMPLOYEE
   "Bodily injury" to any fellow employee of the "insured" arising out of and in the course of the fellow employee's employment.

garnishment against anyone except Aetna on any judgment obtained against Berry. A default judgment was taken against Berry in the amount of $300,000, which gave rise to the garnishment action instituted by Plaintiff.

The trial court denied Plaintiff's Petition for Equitable Garnishment against Aetna concluding that Aetna's policy did not cover Plaintiff's claim against Berry due to the fellow employee exclusion and that Aetna was not estopped from raising this exclusion for the first time in its answer because no prejudice to the insured, Berry, flowed from the belated assertion of the exclusion.

In a court-tried case, we will affirm the judgment of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Plaintiff's point one on appeal argues that the trial court erred in ruling that Aetna's insurance policy with Staat does not cover Plaintiff's claim against Berry due to the fellow employee exclusion because Aetna did not raise the exclusion until the equitable garnishment action was filed against Aetna, and Aetna was estopped from raising the exclusion at that time because Berry was prejudiced by the belated assertion of the exclusion.

■ Estoppel, the preferred theory when an insurer elects a policy defense, requires that the insurer first announce a specific defense and subsequently seek to rely instead on an inconsistent theory. *Shahan v. Shahan*, 988 S.W.2d 529, 533–34

(Mo. banc 1999). There is no dispute that Aetna initially presented the employee exclusion as the basis for denying coverage and subsequently also relied on the fellow employee exclusion. Aetna did not raise the fellow employee exclusion as a basis for denying coverage until it filed its answer in this action.

■ However, estoppel also requires that the insurer's actions induced the insured to rely on the original defense and caused the insured injury. *Id.* at 534. The insured must show that he or she was prejudiced, beyond the mere filing of a lawsuit, by the insurer's actions. *Id.* Thus, the insured must show prejudice before applying the general rule stating that an insurer, having denied liability on a specified ground, may not thereafter deny liability on a different ground. *Brown v. State Farm Mut. Auto. Ins. Co.*, 776 S.W.2d 384, 388 (Mo. banc 1989).

Both parties agree that under Staat's insurance policy with Aetna, both Staat and Berry are "insured." [3] Plaintiff argues that Berry was prejudiced by Aetna's actions in the following ways: (1) the agreement between Berry, Farmers, and Plaintiff; (2) increased premiums on Berry's automobile liability insurance; (3) loss of an "accident free discount" on Berry's automobile liability insurance; and (4) the default judgment that would adversely affect Berry's credit rating.

■ The agreement between Berry, Farmers, and Plaintiff provides that Plaintiff would not levy execution or garnishment against anyone except Aetna on any judgment obtained against Berry. Thus, Berry is protected, not prejudiced, by this agreement. The increased premiums and

---

**3.** The applicable provisions are as follows:
  A.  Coverage
    . . .
    1.  WHO IS AN INSURED
      The following are "insureds":
      a.  You for any covered "auto."
      b.  Anyone else while using with your permission a covered "auto" you own. . . .
  SECTION V – DEFINITIONS

. . .
  E.  "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

loss of an "accident free discount" on Berry's automobile liability insurance resulted from the accident, not from reliance on Aetna's actions. Plaintiff alleges that Berry admitted the increased premiums and loss of an "accident free discount" resulted from the $100,000 payment by Farmers to Plaintiff, not as a result of the accident itself. However, a closer reading of Berry's admissions reveals that such consequences occurred "following the payment" not "as a result of the $100,000 payment." Finally, whether the default judgment may adversely affect Berry's credit rating is speculative. Estoppel will not be lightly invoked; it should be applied with care and caution and only when all elements constituting estoppel clearly appear. *Grannemann v. Columbia Ins. Group*, 931 S.W.2d 502, 506 (Mo.App. W.D.1996).

Thus, Plaintiff has not shown sufficient prejudicial reliance on Aetna's actions by Berry which would justify invoking the doctrine of estoppel. Point one denied.

■ Plaintiff's point two on appeal argues that the trial court erred in ruling that Aetna's insurance policy with Staat does not cover Plaintiff's claim against Berry due to the fellow employee exclusion because Aetna waived the right to claim that the exclusion precludes coverage in that Aetna declared on three occasions prior to a lawsuit being filed against Aetna that it was relying on the employee exclusion to deny coverage to Berry clearly relinquishing its known contractual right to rely on the fellow employee exclusion.[4]

■ Waiver is the intentional relinquishment of a known right. *Shahan*, 988 S.W.2d at 534. Waiver may be express or implied by conduct that clearly and unequivocally shows a purpose by the insurer to relinquish a contractual right. *Id.* Prejudice is not an element of waiver. *Brown*, 776 S.W.2d at 388.

Plaintiff argues that the August 1995, the September 1995, and the February 1996 letters from Aetna constitute a waiver of a fellow employee exclusion defense because the letters present the employee exclusion as the basis for denying coverage. Plaintiff cites *Baker v. DePew*, 860 S.W.2d 318 (Mo. banc 1993), to support his contention that Aetna knew that the proper exclusion under this policy was the fellow employee exclusion, not the employee exclusion. Aetna was a defendant in *Baker*, a case with similar facts to the one here. In *Baker*, the Missouri Supreme Court held that the fellow employee exclusion clause excluded coverage by Aetna of Baker's claim for injuries against DePew. *Id.* at 323.

Although Aetna may have known of its contractual right under the fellow employee exclusion, the letters do not clearly and unequivocally show a purpose by Aetna to relinquish that contractual right. For example, although the letters present the employee exclusion as the basis for denying coverage, the letters do not contain any statements which exclude other defenses. Also, in the September 1995 letter, the following general statement concludes the letter: "We regret to inform you that *due to the exclusions under the policy*, we must respectfully deny coverage of your client's accident." (emphasis added).

■ Further, waiver and estoppel may not be employed to create coverage where it otherwise does not exist. *Shelter General Ins. Co. v. Siegler*, 945 S.W.2d 24, 27 (Mo.App. E.D.1997). This rule is grounded in the idea that waiver and estoppel do

---

4. Aetna argues that Plaintiff has not preserved this point for appeal. However, although the trial court did not specifically address the waiver issue in its judgment, Plaintiff raised the issue in his Proposed Conclusions of Law at page fourteen, paragraph twenty-five submitted to the trial court: "That by reason of Aetna's letters of August 24, 1995 to Staat; September 14, 1995 to [Plaintiff's attorney]; and February 5, 1996 to Berry, Aetna waived the application of the fellow employee exclusion clause in the Aetna policy of insurance to Staat and as a result had a duty to defend David J. Berry in the lawsuit Arthur Whitney had filed against him."

not themselves give a cause of action and that the purpose of estoppel is to preserve rights previously acquired but not to create new ones. *Id.* The trial court found that the fellow employee exclusion precludes coverage in this case, and Plaintiff does not appeal this ruling. Therefore, to hold Aetna responsible under the fellow employee exclusion would be to create coverage where it otherwise does not exist.

Thus, the letters do not constitute an intentional relinquishment of a known right by Aetna invoking the doctrine of waiver. Point two denied.

Accordingly, the judgment of the trial court is affirmed.

CRANE, P.J. and ROBERT G. DOWD, Jr., J., concur.