[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11438
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-14081-JEM


EMPIRE FIRE & MARINE INSURANCE COMPANY

Plaintiff–Appellee,

versus


SCOTT FLOYD,

Defendant–Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 6, 2015)

Before JORDAN, JILL PRYOR, and DUBINA, Circuit Judges.

PER CURIAM:

     Empire Fire & Marine Insurance Company ("Empire") filed a complaint for

declaratory judgment in the district court.  This action stemmed from an underlying

Florida state court tort case.  Empire sought a declaration with regard to its rights and obligations pursuant to a supplemental liability insurance policy it provided to Enterprise Leasing Company.  The parties filed cross-motions for summary judgment, and the district court granted Empire's motion and denied Scott Floyd's motion based on an exclusionary provision of the insurance policy.  Scott Floyd appeals the district court's judgment, and we reverse.

## I. BACKGROUND

Scott Floyd and Steven Floyd were employees of A-Plus Storage, Inc.  Scott Floyd rented a van from Enterprise Leasing Company ("Enterprise") and drove onto the premises of A-Plus Storage.  As he was driving, Scott Floyd struck a ladder that Steven Floyd was standing on, causing him to fall and sustain bodily injuries.  When Scott Floyd struck the ladder, he was preparing to move personal belongings into a storage space on the premises.  When he was injured, Steven Floyd was performing maintenance work within the course and scope of his employment for A-Plus Storage.

When Scott Floyd rented the van for his personal use, he entered into a supplemental liability insurance policy with Enterprise.  Pursuant to the terms of the policy, Scott Floyd was the insured.  The policy excludes liability insurance coverage related to bodily injury of any "fellow employee of the insured arising out of and in the course of the fellow employee's employment."  (R. DE 1, Exh. B, Sec. I (D)(11).  The policy does not define "fellow employee."

2

## II. ISSUE

Whether the district court erred in granting summary judgment to Empire on its declaratory judgment action.

## III. STANDARD OF REVIEW

We review de novo the district court's grant of summary judgment. *Jurich v. Compass Marine, Inc.*, 764 F.3d 1302, 1304 (11th Cir. 2014).  As with all contracts, the interpretation of an insurance contract—including determining whether an insurance provision is ambiguous—is a question of law to be determined by the court and is subject to plenary review. *See Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co. Ltd.*, 254 F.3d 987, 1003 (11th Cir. 2001) (standard of review is plenary); *Amer. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir.2007) ("Interpreting provisions in insurance contracts ... involves questions of law.").

## IV.  DISCUSSION

Under Florida law, courts construe insurance contracts in accordance with the plain language of the policies as bargained for by the parties and must read the contracts as a whole. *Liberty Mutual Fire Ins. Co. v. Martinez*, 157 So.3d 486, 488 (Fla. Dist. Ct. App. 2015).  Further, courts interpret policy ambiguities liberally in favor of the insured and strictly against the insurer who prepared the policy. *Prudential Prop. & Cas. Ins. Co. v. Swindal,* 622 So.2d 467, 470 (Fla.1993). Florida law is equally well-settled that insuring or coverage clauses are construed in the broadest possible manner to effect the greatest extent of coverage. *Hudson v. Prudential Prop. & Cas. Ins. Co.*, 450 So.2d 565, 568 (Fla. Dist. Ct. App. 1984)

(insurance coverage must be construed broadly and its exclusions narrowly); *Nat'l Merchandise Co. v. United Serv. Auto. Ass'n*, 400 So.2d 526, 532 (Fla. Dist. Ct. App. 1981) (terms in policy relating to coverage must be construed liberally in favor of insured); *Valdes v. Smalley*, 303 So.2d 342, 344 (Fla. Dist. Ct. App. 1974) (clause extending insurance to insured must be construed liberally in favor of insured).

In contrast to insuring clauses, however, courts should strictly construe exclusionary clauses in liability insurance policies. *See Hudson*, 450 So.2d at 468; *Demshar v. AAACon Auto Transport, Inc.*, 337 So.2d 963, 965 (Fla.1976) ("Exclusionary clauses in liability insurance policies are always strictly construed."); *St. Paul Fire & Marine Ins. Co. v. Thomas*, 273 So.2d 117 (Fla. Dist. Ct. App. 1973) (well settled and almost universally accepted principle of construing the exclusion in a manner which affords the broadest coverage). In *State Farm Fire & Cas. Ins. Co. v. Deni Assoc. of Florida., Inc.*, 678 So.2d 397 (Fla. Dist. Ct. App. 1996), the court addressed the strict construction of exclusionary clauses in insurance policies. In that case, the court confronted a clause that purported to deny any coverage for bodily injury claims caused by the "discharge, dispersal, release or escape of pollutants," and it further defined the term pollutants. *Id.* at 399. In concluding that the exclusions barred coverage of the claims in the suit, the court stated that "the current Florida rule is that strict construction is required of exclusionary clauses in insurance contracts only in the sense that the insurer is required to make clear precisely what is excluded from coverage." *Id.* at 401. If the insurer does not clearly draft an exclusion that can be

4

"fairly and reasonably read both for and against coverage," courts will construe the exclusionary clause in favor of coverage. *Id.* "If the insurer makes clear that it has excluded a particular coverage, however, the court is obliged to enforce the contract as written." *Id.* The court further explained that "[s]trict construction does not mean that a court must always find coverage." *Id.* "Where the insurer has defined a term used in the policy in clear, simple, non-technical language, . . . , strict construction does not mean that judges are empowered to give the defined term a different meaning  deemed more socially responsible or desirable to the insured." *Id.*

The Florida court decisions make it clear that if an exclusionary clause with undefined terms—such as the present case—has not been stated with sufficient clarity, then the rule of strict construction requires a construction in favor of the insured. Hence, we conclude that the district court erred under Florida law in the present case because it should have strictly construed the exclusion in favor of the insured. *See Hudson, supra*; *Demshar, supra*; *Deni, supra*.

The cases cited by the parties in their briefs are not persuasive because they involve situations where both the alleged tortfeasor employee and the victim employee were engaged in the course of their employment when the incident occurred. *See e.g. Empire Fire & Marine Ins. Co. v. Dust*, 932 S.W. 2d 416, 418 (Mo. Ct. App. 1996) (under the fellow employee exclusion there is no coverage because the tortfeasor and victim were employees of the same employer and both were engaged in the course of their employment at the time of the accident). *See also Short v. Safeco Ins. Co. of Am.*, 864 S.W. 2d 361, 362 (Mo. Ct. App. 1993)

("fellow employee" exclusion in policy applied because both the alleged tortfeasor and the plaintiff were employees of the ambulance company and both were in the course and scope of their employment when the incident occurred).  Moreover, Florida courts interpreting a similar term to "fellow employee"—"cross employee"—have determined that the applicability of the exclusion depends on whether both employees were in the course and scope of their employment when the tort occurred.  *See Mactown, Inc. v. Continental Ins. Co.*, 716 So.2d 289, 293 (Fla. Dist. Ct. App. 1998) (citing cases); *Greathead v. Asplundh Tree Expert Co.*, 473 So.2d 1380, 1384 (Fla. Dist. Ct. App. 1985) ("the case law is clear that coverage of the co-employee will be excluded where (1) the co-employee is an insured under the policy, and (2) both the employee and the co-employee were acting within the course and scope of their employment at the time of the injury.").

In the present case, Scott Floyd was not acting within the scope of his employment at the time of the incident.  He was moving personal belongings into a storage unit on the business's premises.  In contrast, Steven Floyd was acting within the course and scope of his employment when he was injured.  Although Scott Floyd and Steven Floyd were "fellow employees" because they had the same employer, Scott Floyd was not engaged in his employment when he drove the van into the ladder, causing Steven Floyd's injuries.  The policy exclusion does not state clearly that coverage is excluded under these circumstances.  Thus, under Florida law, the district court should have strictly interpreted the exclusion in favor of Scott Floyd, the insured, and against the insurer, Empire.  Accordingly, the district court erred in granting summary judgment to Empire on its declaratory

judgment action, and we reverse its judgment and remand this case with directions that the district court enter judgment in favor of Scott Floyd consistent with this opinion.

REVERSED and REMANDED.