# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1899

_____

Interstate Cleaning Corp.,    *
                              *
        Appellant,            *
                              *    Appeal from the United States
    v.                        *    District Court for the
                              *    Eastern District of Missouri.
Commercial Underwriters       *
Insurance Co.,                *
                              *
        Appellee.             *

_____

Submitted: November 4, 2002

Filed:  April 17, 2003

_____

Before HANSEN,[1] Chief Judge, BEAM and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Interstate Cleaning Corporation (ICC) alleges Commercial Underwriters Insurance Company (Underwriters) breached its duties to defend and to indemnify against an action brought in Hawaii by Chad and Jamie Awai (Awais).  On cross

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003.  He has been succeeded by the Honorable James B. Loken.

motions for summary judgment, the district court[2] granted Underwriters's motion for summary judgment.

Applying Missouri law, the district court held ICC provided Underwriters with untimely notice of the Awais' lawsuit, abrogating Underwriters's duties to defend and to indemnify. ICC appeals the district court's grant of summary judgment, contending (1) Hawaii law applies, (2) ICC provided Underwriters with timely notice, and (3) coverage existed under the policy. Because we find no applicable conflict of laws between Hawaii and Missouri, we apply Missouri law. We further find ICC failed in a timely manner to notify Underwriters of the Awais' lawsuit. We affirm.[3]

I.     BACKGROUND

ICC, a Missouri corporation with its principal place of business in Missouri, provides cleaning services to shopping malls, retail stores, and commercial buildings throughout the United States and Puerto Rico. Underwriters, a California corporation with its principal place of business in California, provided ICC with a general commercial liability insurance policy (Policy). The Policy, containing a self-insured endorsement, provides ICC must expend $50,000 for a single occurrence, or $300,000 in a year for multiple occurrences, before Underwriters's duties to defend and to indemnify ICC arise. The self-insured endorsement also predicates insurance coverage on ICC providing Underwriters with "immediate" notice of a claim made or a suit brought "which but for the provisions of this self-insured retention endorsement would involve or might involve this policy." The self-insured

---

[2]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

[3]Since we conclude Underwriters had no duties to defend or to indemnify ICC against the Awais' lawsuit, we need not address whether the Policy covered the acts alleged.

endorsement considers ICC's failure to provide notice of a claim or suit a material breach of the Policy, voiding any coverage.

In May 1997, the Awais informed ICC of their claim. In October 1997, the Awais brought a lawsuit in Hawaii state court against ICC and Mr. Awai's manager, William Cariaga (Cariaga). The Awais based their lawsuit on sexual harassment, allegedly committed by Cariaga and imputed to ICC. The alleged harassment occurred while ICC employed Mr. Awai as a maintenance worker in Hawaii. Believing the Awais' lawsuit was a nuisance suit, ICC decided not to notify Underwriters of the Awais' action when served with the complaint. Shortly before trial, the Awais offered to settle the lawsuit for $25,000. ICC rejected the offer.

After a March 1999 trial, the jury rendered a verdict in Mr. Awai's favor against both Cariaga and ICC, and in Mrs. Awai's favor against only Cariaga. Three months later, ICC moved to alter or amend the judgment. The state court granted ICC's motion. The state court's amended judgment (1) imposed liability on ICC for Mr. Awai's sexual harassment claim and for lost wages; and (2) ordered a new trial on compensatory damages, unless the Awais agreed to a remittitur. The Awais did not agree to the remittitur, and an appeal was filed. Nine months later, ICC and the Awais settled the action.

On April 6, 1999, almost two years after the Awais' claim was first made, about one and one-half years after the suit was filed, and about one month after the jury verdict, ICC notified Underwriters of the Awais' lawsuit. Underwriters declined to defend or to indemnify ICC, asserting the Policy provided no coverage for the acts alleged by the Awais. Underwriters denied coverage in letters stating it was not waiving any other Policy provisions or defenses, and the statements and actions of Underwriters could not estop Underwriters from asserting another defense.

Over a year after ICC notified Underwriters of the Awais' claims, ICC brought a breach of contract claim against Underwriters. ICC alleged Underwriters breached its duties to defend and to indemnify by not defending the Awais' lawsuit or indemnifying ICC for amounts paid to settle the Awais' lawsuit. Underwriters then asserted ICC's failure to provide timely notice of the Awais' lawsuit abrogated Underwriters's duties to defend and to indemnify.

On motions for partial summary judgment and summary judgment, the district court granted summary judgment to Underwriters. Applying Missouri law, the district court held ICC failed to provide Underwriters with timely notice as required by the Policy, and Underwriters suffered prejudice because of ICC's untimely notice. The district court also held the Policy did not provide ICC with coverage for acts alleged in the Awais' lawsuit. ICC now appeals the district court's entry of summary judgment.

## II.   DISCUSSION

We review the district court's grant of summary judgment *de novo*. Bowen v. Mo. Dep't of Soc. Servs., 311 F.3d 878, 880 (8th Cir. 2002). We will affirm a district court's grant of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits . . ." demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Smith v. BMW N. Am., Inc., 308 F.3d 913, 918 (8th Cir. 2002). As we exercise our power under diversity jurisdiction, we must interpret the forum state's law. When interpreting state law, we are bound by the decisions of the state's highest court. Cassello v. Allegiant Bank, 288 F.3d 339, 340 (8th Cir. 2002).

### A.   Applicable State Law

We must first determine whether Missouri substantive law applies to this appeal. We review a district court's choice-of-law determination *de novo*. Brown v.

Home Ins. Co., 176 F.3d 1102, 1105 (8th Cir. 1999).  The district court must apply the choice-of-law rules of the forum state.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Brown, 176 F.3d at 1105.  Under Missouri law, a conflict of laws does not exist "unless the interests of the two states cannot be reconciled." Brown, 176 F.3d at 1105 (citing State ex rel. Broglin v. Nangle, 510 S.W.2d 699, 703 (Mo. 1974) (en banc)).  On the issues before us, no conflict of laws exists between Hawaii and Missouri.

Hawaii and Missouri apply the same legal standards to (1) the prejudice from the timeliness of an insured's notice of a claim to an insurer, (2) estoppel from asserting other policy defenses, and (3) waiver of policy defenses.  First, both Hawaii and Missouri require an insurer to demonstrate it suffered prejudice by the insured's untimely notice before the insurer can escape its obligations.  Compare Johnston v. Sweany, 68 S.W.3d 398, 402 (Mo. 2002) (en banc) (stating an insurer must show prejudice "by the insured's non-compliance with [notice] policy provisions") with Standard Oil Co. v. Hawaiian Ins. & Guar. Co., 654 P.2d 1345, 1348 n.4 (Haw. 1982) ("The function of the notice requirements is simply to prevent the insurer from being prejudiced.").  Second, to estop an insurer from asserting another policy defense, Missouri and Hawaii require an insured to establish (1) the insurer asserted a policy defense in denying coverage and later asserted another inconsistent ground, (2) the insured relied on the original policy defense, and (3) the insured suffered prejudice as a result of the reliance.  Compare Shahan v. Shahan, 988 S.W.2d 529, 533-34 (Mo. 1999) (en banc) (noting estoppel requires the assertion of a policy defense, a subsequent assertion of an inconsistent defense, reliance on the original defense by the insured, and prejudice resulting from that reliance) with The Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 354-55 (Haw. 1996) (stating the same elements, adding the reliance must be reasonable).  Third, for an insurer to waive a policy defense, an insurer must intentionally, either expressly or impliedly, relinquish a known right.  Compare Shahan, 988 S.W.2d at 534 with The Best Place, 920 P.2d at 353.

Because Hawaii's law interests and Missouri's law interests can be reconciled, we need not engage in a conflict of laws analysis. See Brown, 176 F.3d at 1105. Since no conflict of law exists, we apply Missouri law.

### B.    Duty to Defend and to Indemnify

The Policy conditioned Underwriters's duty to defend and to indemnify upon ICC timely notifying Underwriters of the Awais' lawsuit. The Policy provides:

> [I]f a claim is made or a suit is brought against the insured, which but for the provisions of this self-insured retention endorsement would involve or might involve this policy, the insured shall immediately forward to the company every demand, notice, summons or other process received by the insured or the insured's representative.

A condition predicating coverage upon the insured notifying the insurer immediately of an occurrence or forwarding suit papers to the insurer is enforceable. See Johnston, 68 S.W.3d at 401. This condition is reasonable and is foreseeable from the standpoint of the insured, who would logically expect to give immediate notice of a claim to its insurer.

An insured's failure to give timely notice may be excused by substantial compliance and by incapacity or impossibility. Tresner v. State Farm Ins. Co., 913 S.W.2d 7, 10 (Mo. 1995) (en banc). We are not presented here with any claim of incapacity or impossibility.

To ascertain if ICC substantially complied with the Policy's notice provision, we must determine if ICC's delay prejudiced Underwriters. See id. at 15. Underwriters bears the burden of establishing prejudice. Id. at 11, 16. Prejudice is a question of fact. Id. at 16. Although a question of fact, the issue of prejudice may become a question of law if all reasonable persons would conclude the insured did not provide notice in a reasonable time. Id. at 14.

In Johnston, Johnston sued Sweany for damages caused by Sweany negligently repairing Johnston's home.  Sweany failed to provide his insurer with notice of the suit until after he had confessed judgment.  The Missouri Supreme Court affirmed the trial court's grant of summary judgment for Sweany's insurer, holding Sweany's insurer had suffered prejudice.  Johnston, 68 S.W.3d at 402-03.  The Missouri Supreme Court reasoned that "Sweany's failure to comply with [the notice] provisions denied [his insurer] the opportunity to investigate the facts applicable to the subject of the lawsuit, to settle the dispute before trial, to defend against liability at trial, and to dispute the amount of damages."  Id. at 402.

ICC failed to notify Underwriters of the Awais' lawsuit until after ICC defended the Awais' action, and rejected settlement before trial (Awais demanded $25,000), and until after the jury had rendered a verdict.  Like in Johnston, this tardiness deprived Underwriters of the opportunity to investigate facts, to defend on liability, to settle the lawsuit, and to choose a trial strategy.  By the time ICC notified Underwriters of the Awais' claims, Underwriters had already been prejudiced.  The jury had already found ICC liable and established a value for the Awais' claims.  The district court was correct, ICC failed to provide timely notice as required by the Policy, and Underwriters suffered prejudice from the delay.

## C.    Estoppel and Waiver
ICC asserts Underwriters is either estopped from raising the failure to notify defense, or Underwriters waived ICC's requirement to comply with the Policy's notice provision.  We do not agree.

Under Missouri law, estoppel is the preferred theory to prevent an insurer from asserting a policy defense inconsistent with a previously asserted defense.  Shahan, 988 S.W.2d at 533.  To invoke estoppel, ICC must establish (1) Underwriters stated a specific defense and later relied upon an inconsistent theory; (2) Underwriters's statements induced "the insured to rely on the original defense," causing injury; and

(3) ICC was prejudiced by the insurer's inconsistent statements. Id. at 533-34; Brown v. State Farm Mut. Auto. Ins. Co., 776 S.W.2d 384, 388-89 (Mo. 1989) (en banc). Assuming ICC has established the first two elements of estoppel, ICC failed to demonstrate it suffered prejudice from any inconsistent statements of Underwriters.

ICC argues it was prejudiced by filing this lawsuit when Underwriters had not raised the untimely notice defense and, instead, only argued the Awais' lawsuit did not fall within the scope of the Policy. Filing suit is not sufficient prejudice to invoke estoppel. Brown, 776 S.W.2d at 388. Similarly, ICC's efforts to convince Underwriters coverage existed under the Policy were an attempt to convince Underwriters to pay for the loss and also an attempt to avoid the costs of litigation.

Underwriters also did not waive its policy notice defense. Waiver, a disfavored defense in this context, can be implied by conduct, but the conduct must unequivocally and clearly establish the insurer intentionally relinquished the right. Shahan, 988 S.W.2d at 534. An insurer's letter denying coverage for specified reasons, which does not contain any statement excluding other defenses, does not exclude other defenses by omission. See Whitney v. Aetna Cas. Sur. Co., 16 S.W.3d 729, 733 (Mo. Ct. App. 2000). Underwriters's letters do not exclude other defenses. To the contrary, Underwriters's letters state "[Underwriters] does not waive any of the other provisions, conditions, terms, or portions of [the Policy]."

## III.    CONCLUSION

For the foregoing reasons, we affirm the district court's grant of summary judgment to Underwriters.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.