# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 02-3671/03-1072

_____

| | | |
|---|---|---|
| Reba Hebert, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| SBC Pension Benefit Plan, Non | * | |
| Bargained Program by and through the | * | |
| Plan Sponsor and Administrator SBC | * | |
| Communications, Inc., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 12, 2003

Filed: January 12, 2004

_____

Before WOLLMAN, HEANEY, and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Reba Hebert (Hebert) was employed by Southwestern Bell Telephone Company (SW Bell), a subsidiary of SBC Communications, Inc. (SBC). Hebert sued the SBC Pension Benefit Plan (SBC Plan), seeking to add three years to her term of employment in calculating her benefits under the SBC Plan based on an amendment of the benefit plan by her prior employer, Pacific Telesis Group (PTG). SBC is the SBC Plan sponsor and administrator. The district court granted summary judgment

to Hebert, concluding SBC abused its discretion in interpreting the SBC Plan. The district court also awarded Hebert attorney fees. SBC appeals, asserting it did not abuse its discretion in interpreting the SBC Plan, and the district court erred in awarding attorney fees. We reverse, vacate the district court's attorney fees award, and remand for entry of summary judgment for the SBC Plan.

## I.     BACKGROUND

In 1971, Hebert began working for American Telephone & Telegraph (AT&T) in St. Joseph, Missouri. AT&T offered the Bell System Pension Plan to its employees. In the early 1980s, federal antitrust litigation split AT&T into independent companies. The division to which Hebert was assigned became PTG. Each independent company adopted a pension plan, and the Bell System Pension Plan assets were divided among the newly formed pension plans. To ensure the portability of employee benefits, the new companies entered into the Divestiture Interchange Agreement of January 1, 1984, and the Mandatory Portability Agreement of January 1, 1985 (Portability Agreements), which govern the recognition of pension benefits of certain employees who move between the newly created independent companies.

In 1990, PTG offered management employees a retirement incentive, the Management Retirement Opportunity Amendment (MRO Amendment). The MRO Amendment provided each employee a minimum benefit enhancement, adding three years to an employee's term of employment in calculating the employee's minimum pension benefit (three MRO years). Hebert accepted the MRO Amendment. In November 1990, Hebert resigned from PTG with 18 years, 7 months, and 13 days of actual service. Two days after leaving PTG, Hebert became employed by SW Bell, another newly created independent company formed by AT&T's breakup, and transferred her pension benefits under the Portability Agreements to the SBC Plan.

In 1999, Hebert contemplated retirement and requested SBC, acting as plan administrator, to calculate Hebert's SBC pension benefits. When calculating Hebert's

pension benefits, SBC used paragraph 8.2.1(b) of the SBC Plan, and did not include the three MRO years. SBC did include the three MRO years in an alternative calculation under paragraph 8.2.1(a), although this calculation produced lower benefits. Hebert appealed the calculation to the SBC Plan Review Committee (Review Committee), asserting her term of employment should be increased by three years. The Review Committee denied Hebert's request.

Hebert filed this suit against the SBC Plan, asserting SBC abused its discretion by not including the three MRO years in calculating Hebert's pension benefits under paragraph 8.2.1(b). The district court granted summary judgment to Hebert, concluding SBC abused its discretion in interpreting the SBC Plan because SBC's interpretation (1) rendered language in the SBC Plan internally inconsistent by assigning different meanings to the term "all-service credit" and (2) contradicted the SBC Plan's clear language. The district court also awarded Hebert attorney fees. SBC appeals the district court's grant of summary judgment and award of attorney fees.

## II. DISCUSSION
### A. SBC's Interpretation of the SBC Plan

We review a district court's summary judgment de novo. Interstate Cleaning Corp. v. Commercial Underwriters Ins. Co., 325 F.3d 1024, 1027 (8th Cir. 2003). We will affirm a district court's grant of summary judgment if the record demonstrates no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Interstate Cleaning, 325 F.3d at 1027.

Because it is undisputed "[the SBC Plan] gives [SBC] discretionary authority to determine eligibility for benefits or to construe the terms of the plan," we review the denial of benefits for an abuse of discretion, Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989), and reverse SBC's decision only if it is arbitrary and capricious, Brumm v. Bert Bell NFL Ret. Plan, 995 F.2d 1433, 1437 (8th Cir.

1993). We uphold SBC's interpretation of the SBC Plan if it is reasonable. Id. SBC's interpretation "is not unreasonable merely because the reviewing court disagrees with it." Fletcher-Merrit v. Noram Energy Corp., 250 F.3d 1174, 1180 (8th Cir. 2001).

This controversy involves SBC's interpretation of paragraph 8.2.1 of the SBC Plan, which states as follows:

> If the [SBC Plan] provides for the computation of monthly pension benefits in a different manner than that provided under [the PTG Plan], [Hebert's] monthly pension benefit under [the SBC Plan] shall equal the greater of
>
> (a) the sum of
>
>> (1) the monthly pension benefit determined for all service credit included in [Hebert's] Pension Service Credit under [the PTG Plan], *in accordance* with the provisions of such plan . . ., plus (2) the monthly pension benefit determined for all periods of Pension Calculation Service [Hebert] was covered by [the SBC Plan], or
>
> (b) the monthly pension benefit determined for all service credit included in [Hebert's] Pension Service Credit under [the PTG Plan] and all Pension Calculation Service during which [Hebert] was covered by [the SBC Plan], *in accordance* with the provisions of the Plan.

(Emphasis added). Both parties agree paragraph 8.2.1(b) provides Hebert with the greatest amount of pension benefits, regardless whether the three MRO years are included in paragraph 8.2.1(b)'s calculation.

SBC interpreted paragraph 8.2.1(a) to include Hebert's three MRO years in computing Hebert's benefits. However, SBC interpreted 8.2.1(b) not to include Hebert's three MRO years in computing Hebert's benefits. SBC based its differing

-4-

interpretations on how the "in accordance" phrases are used in paragraphs 8.2.1(a)(1) and 8.2.1(b).

To determine if SBC's interpretation of paragraph 8.2.1 is reasonable, we consider five factors: (1) whether SBC's interpretation is consistent with the SBC Plan's goals; (2) whether SBC's interpretation renders any of the SBC Plan's language internally inconsistent or meaningless; (3) whether SBC's interpretation conflicts with ERISA's substantive or procedural requirements; (4) whether SBC has consistently interpreted the words at issue; and (5) whether SBC's interpretation is contrary to the SBC Plan's clear language. Finley v. Special Agents Mut. Benefit Ass'n, 957 F.2d 617, 621 (8th Cir. 1992). The above factors need not be examined in any order as each factor presents us with a discrete inquiry. Hutchins v. Champion Int'l Corp., 110 F.3d 1341, 1344 (8th Cir. 1997).

SBC's interpretation does not render any of the SBC Plan's language internally inconsistent or meaningless and is not contrary to the SBC Plan's clear language. Under paragraph 8.2.1(a)(1), a portion of Hebert's pension benefit and Pension Service Credit are determined "in accordance with the provisions of *such plan*." The phrase "in accordance with the provisions of *such plan*" refers to the PTG Plan as modified by the MRO Amendment. Under the PTG Plan's MRO Amendment, for the purpose of computing benefits, Hebert's "term of employment shall equal [Hebert's] term of employment as of [Hebert's] MRO Effective Date increased by three years." Thus, for computing Hebert's benefit under paragraph 8.2.1(a)(1), Hebert receives the full benefit of the three extra MRO years.

Two interpretations arguably exist regarding the calculation of Hebert's PTG Pension Service Credit under paragraph 8.2.1(b), because a comma separates the phrase "in accordance with the provisions of *the Plan*" from the remainder of the sentence. The phrase "in accordance with the provisions of *the Plan*" clearly refers to the SBC Plan. Under one interpretation, the phrase "in accordance with the

-5-

provisions of *the Plan*" could modify the phrase "[Hebert's] Pension Service Credit under the [PTG Plan]." Under this interpretation, SBC looks to the SBC Plan's Pension Service Credit definition to determine whether Hebert's three MRO years are used to calculate her benefits under the SBC Plan, and the Pension Service Credit clearly does not include the three extra MRO years. Under another interpretation, the phrase "in accordance with the provisions of *the Plan*" could modify the term "monthly pension benefit." Under this interpretation, the phrase simply specifies the SBC Plan's formula is used to calculate benefits, while Hebert's Pension Service Credit under the PTG Plan would be calculated by referring to the PTG Plan. SBC adopted the first interpretation of paragraph 8.2.1(b). We conclude SBC's interpretation is reasonable and logical.

Two other reasons reveal SBC's interpretation is reasonable. First, the SBC Plan's drafters could have included the modifier "in accordance with the PTG Plan" after the Pension Service Credit in paragraph 8.2.1(b), as the drafters did in paragraph 8.2.1(a)(1). Second, the PTG Plan does not define Pension Service Credit. Without such a definition, it would be difficult to determine Hebert's Pension Service Credit in calculating Hebert's benefits under the SBC Plan.

We now turn to SBC's application of the SBC Plan's Pension Service Credit definition to Hebert. Under the SBC Plan, a service credit must be recognized for eligibility, accrual, and vesting to be a Pension Service Credit. SBC asserts the three MRO years do not qualify as a Pension Service Credit because the three MRO years were not recognized, *inter alia*, for vesting. The MRO Amendment contains no provision stating whether the three MRO years can be used to vest an employee's pension. With the MRO Amendment's silence on the vesting of the three MRO years, we cannot conclude SBC's interpretation rendered terms of the MRO Amendment or the SBC Plan internally inconsistent with or contradictory to the clear language of the MRO Amendment or the SBC Plan.

-6-

We conclude the remaining Finley factors do not suggest SBC abused its discretion. Aside from conclusory or circular arguments, nothing before us suggests SBC's interpretation is inconsistent with the SBC Plan or its goals. Finally, no contention exists that SBC's interpretation violates ERISA. Paragraph 8.2.1(a) preserves Hebert's benefits under the PTG Plan by giving her the full benefits accorded her under the PTG Plan, including the three MRO years, plus any benefits accrued under the SBC Plan. Paragraph 8.2.1(b) actually provides Hebert greater benefits, because of the larger multiplier used under paragraph 8.2.1(b) of the SBC Plan.[1]

## B. Attorney Fees

We review a district court's award of attorney fees for an abuse of discretion. Fletcher-Merrit, 250 F.3d at 1181. In determining whether attorney fees should be awarded in an ERISA suit, a court considers the following factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal [question] regarding ERISA itself; and (5) the relative merits of the parties' positions.

Lawrence v. Westerhaus, 749 F.2d 494, 496 (8th Cir. 1984) (per curiam); see Brown v. Aventis Pharm., Inc., 341 F.3d 822, 828-29 (8th Cir. 2003). "An abuse of discretion occurs when the district court 'commits a clear error of judgment' in weighing the relevant factors." Fletcher-Merrit, 250 F.3d at 1181 (citations omitted).

---

[1]SBC does not receive a windfall, because Hebert's benefits under paragraph 8.2.1(b) are greater than the benefits she would receive under paragraph 8.2.1(a), using the three extra MRO years.

Weighing the relevant factors: first, SBC's reasonable interpretation of the SBC Plan does not constitute culpable conduct; second, SBC's ability to pay the attorney fees is not sufficient to support an award of attorney fees when the other factors weigh against an attorney fees award, see id.; third, the award would not deter any culpable conduct; fourth, Hebert never sought to benefit other participants and beneficiaries and never sought to resolve a significant legal issue specific to ERISA; and fifth, SBC's position had merit. Given our holding that SBC's interpretation is reasonable, we vacate the award of attorney fees.

## III.  CONCLUSION

For the foregoing reasons, we reverse the district court's grant of summary judgment to Hebert, vacate the district court's award of attorney fees, and remand for entry of summary judgment in favor of SBC.

_____