# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2173

_____

Charlie Groves,                     *

                    *

        Appellant,        *

                    *  Appeal from the United States

   v.                  *  District Court for the

                    *  Eastern District of Arkansas.

Metropolitan Life Insurance Company,  *

                    *

        Appellee.        *

_____

Submitted: December 12, 2005
Filed:  February 22, 2006

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

RILEY, Circuit Judge.

Metropolitan Life Insurance Company (MetLife) terminated the payment of long-term disability benefits to Charlie Groves (Groves) after determining Groves was no longer disabled.  Groves sought judicial review of MetLife's decision by filing a claim under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461.  Groves appeals the district court's[1] grant of summary judgment in favor of MetLife.  We affirm.

_____

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

## I.    BACKGROUND

Groves worked for Great Lakes Chemical Corporation (Great Lakes) as a truck driver and was eligible for benefits under a long-term disability plan (Plan) provided by Great Lakes's insurer, MetLife. Groves ceased working for Great Lakes on December 17, 2000, after a tree fell on Groves while he was removing fallen branches from his driveway. On March 1, 2001, Groves filed a claim with MetLife for long-term disability benefits. On May 2, 2001, MetLife approved the payment of long-term disability benefits.

Approximately two years later, on June 23, 2003, MetLife terminated Groves's long-term disability benefits. MetLife determined Groves was no longer disabled and could return to a "sedentary to light work level position."

After exhausting his administrative remedies, Groves filed a claim under ERISA, seeking judicial review of MetLife's decision to terminate payment of long-term disability benefits. Both parties moved for summary judgment. The district court granted summary judgment in favor of MetLife, concluding MetLife did not abuse its discretion, as substantial evidence supported MetLife's decision to terminate benefits. Groves appeals, arguing (1) the district court erred in applying the abuse of discretion standard, and (2) MetLife abused its discretion in terminating the payment of long-term disability benefits to Groves.

## II.    DISCUSSION

### A.    Standard of Review for Plan Administrator's Decision

We review de novo a challenge to the denial of ERISA benefits, "unless the benefit plan grants the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Ortlieb v. United HealthCare Choice Plans, 387 F.3d 778, 781 (8th Cir. 2004) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). If the benefit plan gives discretion to the plan administrator, then we review the plan administrator's decision for an

abuse of discretion.  Id.  We reverse the plan administrator's decision "only if it is arbitrary and capricious."  Hebert v. SBC Pension Benefit Plan, 354 F.3d 796, 799 (8th Cir. 2004).  We review de novo the district court's determination of the appropriate standard of review of a benefit plan decision under ERISA.  Ortlieb, 387 F.3d at 781.

Groves contends the district court erred in failing to apply a de novo standard of review because the Plan did not properly delegate discretionary authority to MetLife.  We disagree.

The Plan booklet[2] distributed to Great Lakes employees, which summarized the Plan for employees, states:

> In the event that you properly submit a claim to be paid by the Plan and the Plan denies the claim, you can appeal the denial through the appeal process outlined above.  However, if the appeal is made through the internal appeals process, or to a court of law, you, by virtue of your participation in the Plan, agree that the standard for review of the denial of the claim will be whether the denial was made in an arbitrary and capricious manner.  Furthermore, the Plan Sponsor has discretionary authority to determine eligibility for benefits and interpret uncertain terms, unaddressed items, and other Plan [provisions].

---

[2]Groves objects to any reference to the Plan booklet because MetLife failed to place the actual Plan document or the controlling insurance policy in the record.  Groves does not challenge the Plan booklet as an inaccurate statement of the Plan terms.  Plan documents explaining an ERISA plan for employees are generally acceptable evidence of the plan terms.  See, e.g., Jensen v. SIPCO, Inc., 38 F.3d 945, 949 (8th Cir. 1994) ("[Summary Plan Descriptions] are considered part of the ERISA plan documents.").  The district court did not abuse its discretion in using the Plan booklet to evaluate the Plan terms.

The Plan booklet also states Great Lakes appointed an administrator "to process and pay claims for these benefits in accordance with the terms of the Plan."

We conclude the Plan provides discretionary authority to MetLife as plan administrator. According to the Plan booklet, the "Plan Sponsor," Great Lakes, had discretionary authority to determine benefits eligibility, and Great Lakes granted its discretionary authority to the plan administrator, MetLife, to act as its delegate. Accordingly, the district court properly applied an abuse of discretion standard of review in analyzing MetLife's decision to terminate Groves's long-term disability benefits.

**B.     MetLife's Decision to Terminate Benefits**

Having determined the district court applied the correct standard of review, we next address whether MetLife abused its discretion in terminating Groves's long-term disability benefits. We review de novo the district court's grant of summary judgment, using the same standards as the district court. Ortlieb, 387 F.3d at 781.

In applying an abuse of discretion standard, "we must affirm if a reasonable person *could* have reached a similar decision, given the evidence before him, not that a reasonable person *would* have reached that decision." Ferrari v. Teachers Ins. & Annuity Ass'n, 278 F.3d 801, 807 (8th Cir. 2002) (quotation omitted). A reasonable decision is fact based and supported by substantial evidence. Norris v. Citibank, N.A. Disability Plan (501), 308 F.3d 880, 883-84 (8th Cir. 2002). We may consider both the quantity and quality of evidence before a plan administrator. Id. at 884. And we should be hesitant to interfere with the administration of an ERISA plan. Id. at 883.

Under the deferential standard of review applicable in this case, we conclude substantial evidence supported MetLife's decision to terminate Groves's long-term disability benefits. MetLife reviewed Groves's extensive medical records and then sent them to Dr. Kevin Smith (Dr. Smith), an independent physician consultant.

Dr. Smith reported Groves's conditions prevented him from working as a truck driver, but Groves retained "functional abilities within a sedentary to light work capacity level." MetLife then asked Dr. Larry D. Ezell (Dr. Ezell), Groves's treating physician, to comment on Dr. Smith's report. Dr. Ezell opined:

> [Groves] may be able to perform at the sedentary level. He might be able to function as a motor vehicle dispatcher, freight-rate clerk, or train dispatcher. . . . I do not think this patient is employable. I would not hire this patient personally as an employer for even sedentary positions. It remains my opinion that he should be considered permanently disabled and incapable of even the most sedentary occupation.

MetLife was entitled to rely on the reviewing physician's contrary opinion. See Black & Decker Disability Plan v. Nord, 538 U.S. 822, 825 (2003) (holding that the "treating physician rule" does not apply to disability determinations under employee benefit plans covered by ERISA). It was not unreasonable for MetLife to reject Dr. Ezell's opinion in favor of Dr. Smith's opinion in deciding to terminate Groves's long-term disability benefits. Dr. Ezell's opinion was internally inconsistent, and it provided no reliable objective evidence, such as testing, or other convincing medical proof to support a finding of a long-term disability. "'[I]t is not unreasonable for a plan administrator to deny benefits based upon a lack of objective evidence.'" Pralutsky v. Metro. Life Ins. Co., Nos. 04-2409/3239, 2006 WL 130935, at *5 (8th Cir. Jan. 19, 2006) (quoting McGee v. Reliance Standard Ins. Co., 360 F.3d 921, 924-25 (8th Cir. 2004)).

## III. CONCLUSION

For the foregoing reasons, we affirm the district court's entry of summary judgment in favor of MetLife.

_____